**In re Ronald Gene SOUTH, Debtor.**

**OTASCO, INC., Plaintiff,**

v.

**UNITED STATES of America and Ronald Gene South, Defendants.**

**In re Terry Lynn KLINGMAN, Debtor.**

**OTASCO, INC., Plaintiff,**

v.

**UNITED STATES of America and Terry Lynn Klingman, Defendants.**

**Bankruptcy Nos. 80–00317, 80–00507. Adv. Nos. 80–0189 to 80–0192.**

United States District Court, W. D. Oklahoma.

April 29, 1981.

Nancy R. Sills, Atty., Civil Division, Dept. of Justice, Washington, D. C., for defendants United States of America.

Andy Coats and G. Blaine Schwabe, III of Crowe, Dunlevy, Tweatt, Swinford, Johnson & Burdick, Oklahoma City, Okl., and John C. Williams, Oklahoma City, Okl., for plaintiff Otasco, Inc.

## ORDER

EUBANKS, District Judge.

On the 16th day of April, 1981, the above styled causes came on for argument upon the appeal of the United States of America to the Opinion, Order and Judgment of the Honorable David Kline, U. S. Bankruptcy Judge, dated October 22, 1980, 6 B.R. 645, directing the Bankruptcy Court Clerk to "return all complaint fees collected from plaintiffs and in all future cases . . . to collect no fee for any pleading whether entitled complaint, application, motion or otherwise which seeks relief from the automatic stay of Code § 362, to determine dischargeability of particular debts under Code § 523 or to generally object to discharge under Code § 727." The defendant-appellant United States appeared through Nancy R. Sills, and the appellee OTASCO appeared through Andy Coats, G. Blaine Schwabe, III and John C. Williams.

The appellant, the United States of America, contends that the bankruptcy court erred in so ordering because the $60.00 filing fee required for all *adversary* complaints was duly promulgated pursuant to the authority granted the Judicial Conference, and violates none of the plaintiff's constitutional rights.

After considering counsel's submitted briefs and oral arguments this court is persuaded that the Order and Judgment of the bankruptcy court should be AFFIRMED.

The opinion of the bankruptcy judge (which is reported at 6 B.R. 645, 6 BCD 1149, is adopted as this court's opinion. The following is additionally noted:

The government argues in part that: Under the old Bankruptcy Act, the Judicial Conference was empowered to set additional fees to fund the bankruptcy system. 11 U.S.C. § 68(c)(2) [B.A. § 40(c)(2)] and that under the new Bankruptcy Code, section 1930(b) fulfills the same function of funding the bankruptcy system.

This just is not true.

■ "The bankruptcy system as it existed prior to enactment of Pub.L.No.95–598 was supposed to be self-financing . . . . The legislative history makes it clear that the bankruptcy courts will be financed from general federal revenues as are the other courts of the federal judiciary." 1 *Collier* (15th Ed.) pp. 3–337, 3–341. " . . . [T]he new statute—quite specifically excludes the possibility of unusual charges being made applicable to proceedings under title 11 by restricting the power to impose charges to those which may be prescribed . . . with respect to the district courts. The section is not intended to permit the Conference to require contributions from estates similar to contributions to the Referees' Salary and Expense Fund under current law, which this bill eliminates [H.R.Report No.595, 95th Cong.]" 1 *Collier* (15th Ed.) p. 3–344.

As emphasized in the legislative history concerning 28 U.S.C. § 1930 (H.Rep.No.95–595, p. 449, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6404):

Subsection (b) permits the Judicial Conference to prescribe additional fees of the kind that the Conference prescribes under the analogous section for the district court, 28 U.S.C. 1914(b). It is not intended to permit the Conference to require contributions from estates similar to contributions to the Referees' Salary and Expense Fund under the current law, which this bill eliminates.

As specifically mentioned by Congressman Don Edwards, the Reform Act's co-sponsor:

. . . [T]itle II of the House amendment eliminates the Referees' Salary and Expense Fund which was established long ago in an era when the bankruptcy courts were supposed to be self-supporting. The . . . fund has been running a deficit for several years and deleting it serves *to bring the bankruptcy court into line with all other federal courts.*

In order to mitigate the impact on revenues that such a deletion will have . . . [appropriate sections] raise filing fees in a manner that treats bankruptcy cases identical with the federal cases and comports with dollar values appropriate in 1978 for gaining access to a Federal Court. [124 Cong.Rec.H. 11108 (daily ed. Sept. 28, 1978)] (Emphasis supplied).

The government's assertion that the "substantial revenues lost by the abolition of the Referees' Salary and Expense Fund and the increase in the cost of court administration led the Judicial Conference to set the fee for filing an adversary complaint at $60" is not fairly inferable from the record. Moreover, I feel certain the Conference in its action did not have presented to it, or consider, creditor impact under the new Code.

The Judicial Conference on March 7–9, 1979, took action effective October 1, 1979, the Reform Act's effective date, to charge $60.00 for all Code chapter 7 and 13 cases and for "instituting any civil action, suit or proceeding in a controversy over which the bankruptcy court does not have exclusive jurisdiction," that is, those maintainable both in the bankruptcy court under its expanded jurisdiction and in courts of general jurisdiction, thus bringing the bankruptcy court "in line with all other federal courts."

The bankruptcy court recognized and preserved this policy principle in its "Order and Judgment" in directing the clerk to:

(1) Collect $60.00 from each *party commencing* a case under Code chapters 7 and 13 of title 11 *whether by original process, removal* or *otherwise* (emphasis supplied) but not to collect for any filed pleading . . . which seeks relief from the automatic stay of Code § 362, to determine dischargeability of particular debts under Code § 523 or to generally object to discharge under Code § 727.

Interestingly, the Judicial Conference did not until March 6, 1980, raise the fee to $60.00 "for filing a complaint in a controversy over which the court has *exclusive* jurisdiction," creditor OTASCO's type of action herein.

The court is unimpressed with the argument that "the bankruptcy court's unique procedures and budgetary demands" justify the imposition of a fee upon a person or

entity such as OTASCO who has not voluntarily come into court but has done so in response to an action being instituted against it. The suggestion that *substantive* rights granted creditors under a Code which concededly contains many debtor benefits must not be eliminated or eroded through *procedural* cost barriers has more force. Read Bancroft-Whitney *Bankruptcy Service* "Current Awareness Alert," Issue No. 1, Feb. 1981, p. 6, OBSERVATION.

The government argues that the bankruptcy judge's holding:

> ... [A]mounts to a finding that it is economically inefficient for appellee to pay the $60 filing fee in light of the small amount of its typical claim. If the holding is carried to its logical conclusion, a party's constitutional right of access to the courts would depend entirely upon the amount of its claim. Thus OTASCO might assert a constitutional right to raise its claim in the South proceeding since the $413.48 claim is close to OTASCO's average three hundred dollar claim. However, since its claim in the Klingman proceeding is over eight hundred dollars (nearly three times OTASCO's average claim), OTASCO might not assert a constitutional right to proceed without paying a filing fee.

The small value of OTASCO's property interests involved herein is not controlling in assessing the impropriety of the challenged fees precluded by the appealed from bankruptcy court's order but the modest amounts herein dramatize *why* any charge distorts "due process." But, the government's analysis even falls short in that the *amount* of the *claim* (or debt) is *not* the critical economic factor in seeking to lift the stay, but the *dollar value* of the *property* sought to be recovered, which often is, and in these cases was *substantially less* than the amount of the debts. Read Code §§ 506(a), 501, 502. Compare Code § 101(4).

Those case decisions which emphasize the acceptability of charging filing fees where the initiating party *voluntarily* seeks access to and aid from a court where alternate relief routes exist are not in point. Here

creditor OTASCO was involuntarily and reluctantly placed in a position where it had to either promptly respond in the bankruptcy court or be deprived of valuable substantive property rights, after it had sought, paid for and was using another forum *voluntarily* selected to enforce pre-bankruptcy contractual rights.

Admittedly the Code permits a secured claimant to file a proof of claim without charge but such grants creditor OTASCO no relief. OTASCO stood barred from making any move to lift the stay as to its property [Code § 362(a)] action identical to an application for relief from a District Court temporary restraining order; and OTASCO could not even talk with the debtors concerning such debt. See, in particular, Code § 362(a)(1), (3), (4), (5). Additionally, if it stood moot the right to challenge the dischargeability of its debt [Code § 727(a)] or a portion thereof for conversion [Code § 523(a)(6)] would be lost. See Code § 523(c) which provides that "the debtor shall be discharged from a debt specified in paragraph (2), (4), or (6) ... unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge ..." And read Interim Rule 4003 and Bankruptcy Rule 409(a)(2) as to the sharply limited time in which the complaint must be filed.

█ The court can but note as emphasized by the appellees that "a study of the federal fee system reveals that this is the *only instance* under federal law where a fee must be paid by a person against whom proceedings have been instituted." No fee is properly chargeable as a condition precedent to a person's right to *defend* life, liberty or property in a *forum* having *sole, exclusive jurisdiction.*

Moreover, by no imaginational stretch can fees of the type herein assessed against creditor OTASCO be fairly defined as "additional fees ... *of the same kind* as the Judicial Conference prescribes under § 1914(b) of this title (as to U. S. District Courts)." (emphasis supplied). They are not identical or even analogous to *any* U. S. District Court charge.

Accordingly,

IT IS HEREBY ORDERED that the appealed from Order and Judgment of the U. S. Bankruptcy Court for the Western District of Oklahoma be AFFIRMED.