In Re Christopher L. ROBERTS, aka Christopher L. Moore, Debtor.

The BOARD OF TRUSTEES OF KENT STATE UNIVERSITY, Plaintiff,

v.

Christopher L. ROBERTS, aka Christopher L. Moore,

and

The United States of America, Defendants.

Bankruptcy No. B 80–04206.
Adv. No. B 81–0229.

United States Bankruptcy Court, N. D. Ohio, E. D.

Aug. 31, 1981.

---

4. *In re Demkow*, supra note 2; *In re Mineer*, 11 B.R. 663 (Bkrtcy.D.Colo.1981).

Gino Battisti, Cleveland, Ohio, for plaintiff.

Randolph Baxter, Asst. U. S. Atty., Cleveland, Ohio, for defendants.

## MEMORANDUM OF OPINION AND ORDER

WILLIAM J. O'NEILL, Bankruptcy Judge.

The facts in this case are not in dispute and the Court, therefore, finds:

On October 23, 1980 Christopher L. Roberts, aka Christopher L. Moore filed a voluntary petition in bankruptcy in which he scheduled among his unsecured creditors an educational loan owed Kent State University. On February 23, 1981 Kent State filed a complaint seeking a determination of nondischargeability of this debt. The complaint also names the United States as a party defendant and challenges the $60.00 fee charged by the Clerk of the Bankruptcy Court to file the complaint. Plaintiff alleges the $60.00 fee prescribed by the Judicial Conference of the United States pursuant to authority of 28 U.S.C. § 1930(b), "operates as an unconstitutional confiscation of property which offends principles of due process". Plaintiff further requests that the Clerk be prohibited from collecting fees for future filings of complaints of this nature and that fees paid in this and all such cases previously filed be returned.

Although named as a party defendant, on April 24, 1981 the Government submitted a "Motion to file responsive pleadings instanter" accompanied by a "Response of the United States to plaintiff's Complaint". On April 30, 1981 the Government presented a "Motion to amend Answer" with an "Amended Answer" stating, in part, it is filed "without waiving the defense of sovereign immunity".

The United States then raised the immunity defense and challenges the court's jurisdiction which Kent State asserts was waived by the Government's filing the motion to intervene.

On May 6, 1981 counsel for plaintiff and defendant, Christopher L. Roberts, present-

ed an agreed judgment determining the Kent State Loan to be non-dischargeable in the amount of $470.24 plus interest. Consequently, the remaining issues are sovereign immunity and the constitutionality of the filing fee. Oral arguments were presented and briefs submitted.

## ISSUES

1. Is the defense of sovereign immunity available to the Government thereby removing the matter from the jurisdiction of this court?

2. Does the $60.00 fee required to file a complaint to determine non-dischargeability of an educational loan under § 523(a)(8) of the Bankruptcy Code, 11 U.S.C., "operate as an unconstitutional confiscation of property which offends principles of due process"?

3. Is Kent State entitled to return of the $60.00 filing fee in this and other student loan non-dischargeability cases which they previously filed?

4. Should the Clerk of the Bankruptcy Court be prohibited from collecting the $60.00 fee for future complaints filed under § 523(a)(8) of the Bankruptcy Code?

## LAW AND COMMENTS

1. *SOVEREIGN IMMUNITY AND JURISDICTION*

 In challenging the court's jurisdiction, the Government raises the defense of Sovereign Immunity; i. e., it can not be sued without consent. Kent State maintains the Government consented to jurisdiction through its pleadings. Since the complaint seeks an order for the Clerk of Bankruptcy Court to return fees and be enjoined from future collections, this particular argument is untenable. *United States v. New York Rayon Importing Co.*, 329 U.S. 654, 67 S.Ct. 601, 91 L.Ed. 577 (1947) and *Stanley v. Schwalby*, 162 U.S. 255, 16 S.Ct. 754, 40 L.Ed. 960 (1896). By attacking the Clerk's powers to collect, however, and alleging "the powers themselves or the manner in which they are exercised are

constitutionally void", the relief sought by Kent is, in reality, against the clerk not the sovereign. Therefore, "the sovereign's consent to be sued is not required and the defense of sovereign immunity is unavailable." *Carter v. Seamans*, 411 F.2d 767, (5th Cir. 1969); also *In re Otasco, Inc. v. United States of America* and *Ronald Gene South*, 6 BCD 1149, 6 B.R. 645, Bkrtcy. W.D. Okl., (1980), *affirmed* D.C. Okl., 7 BCD 684, 10 B.R. 889 (1981). Further in the *Carter* case, "plaintiff's allegations are certainly affirmative and explicit and it can not be said they are insubstantial or frivolous...accordingly, the defense of sovereign immunity is not available and the jurisdictional objection based thereon must fail".

For purposes of determining the constitutionality of the Clerk's authority to collect the $60.00 filing fee, the defense of sovereign immunity is, therefore, unavailable to the Government, and this Court does have the required jurisdiction.

2. *CONSTITUTIONALITY OF $60.00 FEE FOR FILING DISCHARGEABILITY COMPLAINTS UNDER SECTION 523(a)(8) OF THE BANKRUPTCY CODE*

The following statutory excerpts are pertinent:

*28 U.S.C. § 1930* reads, in part,

"(a) Notwithstanding section 1915 of this title, the parties commencing a case under title 11 shall pay to the clerk of the bankruptcy court the following filing fees:

(1) For a case commenced under chapter 7 or 13 of title 11, $60.

(b) The Judicial Conference of the United States may prescribe *additional fees* in cases under title 11 *of the same kind* as the Judicial Conference prescribes under section 1914(b) of this title. (emphasis added)

(e) The clerk of the bankruptcy court may collect only the fees prescribed under this section."

*28 U.S.C. § 1914* states, in part,

"(a) The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $60,...
(b) The clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States."

A memorandum of June 12, 1980 from the Administrative Office of the United States Courts, Bankruptcy Division, advised that pursuant to 28 U.S.C. § 1930(b), the Judicial Conference amended the previously prescribed schedule of fees for the Bankruptcy Court, and states that effective July 1, 1980,

"For filing a complaint, a fee should be collected in the same amount as the filing fee prescribed in 28 U.S.C. § 1914(a)... The fee currently prescribed by 28 U.S.C. § 1914(a) for instituting any civil action...is $60."

Kent State maintains that as a participant in the Federal National Direct Student Loan Program, 20 U.S.C. § 421, etc., they are under an obligation prescribed by the Department of Health, Education and Welfare to exercise due diligence in effecting collection of defaulted student loans. They further state this alleged requirement necessitates filing complaints to determine non-dischargeability of these debts and that no alternative remedy is available.

In attacking the constitutionality of the $60.00 fee, Plaintiff relies heavily on the well-reasoned *Otasco v. South* case, supra. The facts in *South*, however, differ markedly from those in the within matter. In *South*, plaintiff, Otasco, filed complaints to lift the automatic stay imposed by § 362 of the Bankruptcy Code and to have return of goods in which plaintiff had a security interest or, alternatively, to declare non-dischargeable a portion of the listed debts. The following language in *South* reflects its inapplicability to the within cause:

"...a taxing of Otasco of $60.00 *to come in and defend*, under the facts herein, deprives Otasco of property without 'opportunity for hearing appropriate to the

nature of the case.' *Otasco's position is not that of a party voluntarily seeking to gain access to a federal court* to institute a civil action, suit or proceeding 'by original process, removal or otherwise.' *Moreover, Otasco has no other forum.*" (emphasis added) Court cites *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971).

In affirming the Bankruptcy Court's decision in *South*, the District Court also reasoned that the creditor, Otasco, "was involuntarily and reluctantly placed in a position where it had to either promptly respond in the bankruptcy court or be deprived of valuable substantive property rights."

In the case at bar, Kent State is not forced to defend, is voluntarily before this Court and has alternative forums to pursue their rights. It is patently illogical to equate the required answer to defend in a civil action with voluntarily filing the complaint in question. Debts of this nature are automatically declared non-dischargeable by § 523 of the Bankruptcy Code which reads, inter alia:

"(a) A discharge under...this title does not discharge an individual debtor from any debt—

(8) to a governmental unit, or a nonprofit institution of higher education, for an educational loan, unless—

(A) such loan first became due before five years before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents;"

Since neither provision (A) or (B) of § 523(a)(8) is before the Court, Kent State had no obligation to file a complaint seeking determination of an issue already decided by statute. Furthermore, the Legislative History of § 523(a)(8) states, "This provision is intended to be self-executing and the lender or institution is not required to file a complaint to determine the nondischargeability of any student loan." *Senate Report No. 95–989, 95th Congress, 2nd Ses-*

sion *(1978)* 77–79, U.S.Code Cong. & Admin. News 1978, pp. 5787, 5865.

Kent State further argues that it "has no other forum wherein it may protect its interests". In support thereof, Kent cites *Boddie v. Connecticut,* supra, in which the Supreme Court struck down a state court filing fee required for divorce proceedings by holding that "a state denies due process of law to *indigent persons* by refusing to permit them to bring *divorce actions* except on payment of court fees and service-of-process costs which they are unable to pay." (emphasis added) Boddie continues by reasoning that the plight of those seeking access to Divorce Court ". . . is akin to that of defendants faced with exclusion from the only forum effectively empowered to settle their disputes."

In the within cause, indigence and court exclusivity have no application. Kent alleges no inability to pay fees and it has a choice of forums. Concerning the latter, the language and logic of *In re Peterman,* 5 B.R. 687, (Bkrtcy. E.D. Pa.), (1980) are indicative and persuasive where the Court states, "While subsection *523(c) gives the bankruptcy court exclusive jurisdiction to determine the dischargeability of debts listed in subsections 523(a)(2), (4), and (6)* when a creditor requests such a determination, (as in the *South* case), *it does not give the bankruptcy court exclusive jurisdiction over the debts listed in the other subsections of 523(a),* (which includes subsection 523(a)(8)). Therefore, it is clear that *there is concurrent jurisdiction* in the bankruptcy court and the state courts to determine the dischargeability of debts under (subsection 523(a)(8))." (emphasis added) See also *Collier on Bankruptcy, 15th Edition, Paragraph 523.15(6).*

From the foregoing, it is apparent that Kent State need file no complaint seeking judicial determination of non-dischargeability of the student loan in question. Kent, therefore, is not "involuntarily and reluctantly" forced "to either respond in the bankruptcy court or be deprived of valuable substantive property rights. . ." as in *South* which involved a debt in the § 523(a)(2), (4) or (6) category of the Code.

Kent State's choice of forums is further supported by *U.S. v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973). In holding the *Boddie* case, supra, inapplicable and deciding the fee required to file a bankruptcy case does not offend due process, the Supreme Court stated, "in contrast with divorce, bankruptcy was not the only method available to a debtor for the adjustment of his legal relationship with his creditors. . . *Resort to the (bankruptcy) court, therefore, is not the (debtor's) sole path to relief.* Boddie's emphasis on *exclusivity finds no counter part in the bankrupt's situation."* (emphasis added) No clearer analogy can be drawn with the posture of the creditor, Kent State, in the case at bar.

It also warrants comment that in the *South* case, supra, plaintiff questioned "the $60.00 fee requirement as statutorily and constitutionally offensive", while Kent State's complaint restricts the challenge solely to the constitutionality of the fee prescribed by the Judicial Conference pursuant to authority of 28 U.S.C. § 1930(b). For purposes of this opinion, however, the Court determines the $60.00 fee to be statutorily justified. Section 1930(b) authorizes the Conference to establish miscellaneous fees for services offered by the Bankruptcy Court, fees properly charged to the party seeking and receiving these services. These are the kinds of fees prescribed by the Conference under § 1914(b) and § 1930(b) of 28 U.S.C. A creditor filing a complaint under § 523(a)(8) is voluntarily utilizing the Bankruptcy Court's services and the $60.00 fee for this service is necessarily "of the same kind" as those prescribed by the Conference pursuant to § 1914(b).

## CONCLUSIONS

■ Kent State was neither forced to defend their rights nor were they restricted to an exclusive forum. The conclusion is, therefore, inescapable that the $60.00 fee required of Kent State who voluntarily chose the Bankruptcy Court to file a complaint to determine non-dischargeability of the educational loan in question, in no way

"operates as an unconstitutional confiscation of property which offends principles of due process."

Having determined from the facts herein that the $60.00 filing fee promulgated by the Judicial Conference pursuant to 28 U.S.C. § 1930(b) is constitutionally sound, the Court further concludes that Issues Nos. 3 and 4 require no further elaboration. Kent State, therefore, is not entitled to return of fees paid in this and similar cases previously filed, and the Clerk of the Bankruptcy Court is not prohibited from collecting the prescribed fee for future complaints filed under § 523(a)(8) of the Bankruptcy Code, 11 U.S.C.

IT IS SO ORDERED.