In re Leslie BRADFORD, a/k/a Leslie Ferguson, Debtor.

GENERAL MOTORS ACCEPTANCE CORP., Plaintiff,

v.

UNITED STATES of America, and Leslie Bradford, a/k/a Leslie Ferguson, Defendants.

Bankruptcy Nos. 80 A 1996, 80 B 11437.

United States Bankruptcy Court, N. D. Illinois, E. D.

Oct. 14, 1981.

Michael Thiel, Hughes & Thiel, P. C., Chicago, Ill., for G.M.A.C.

Nancy Sills and David Epstein, Attys., Civ. Div., Dept. of Justice, Washington, D. C., for the U. S.

1.  11 U.S.C. § 362.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

Leslie Bradford (Debtor) filed a Chapter 13 petition for relief under Title 11, U.S.C. listing General Motors Acceptance Corporation (GMAC) as a secured creditor. Subsequently, GMAC chose to file a complaint seeking relief from the automatic stay.[1] To file its complaint, GMAC paid a $60 filing fee.

This matter came to be heard on GMAC's motion objecting to the collection of the filing fee. The United States was granted leave to intervene as a defendant. GMAC and the United States have argued the case and supplied this court with high quality briefs and memoranda. This court having carefully considered the oral arguments, the briefs and memoranda filed, the fruits of its own exhaustive research and being fully advised in the premises, does hereby make the following findings of fact and conclusions of law.

## FINDINGS OF FACT

Debtor's car was the collateral security for GMAC's loan to debtor. Debtor's plan proposed a valuation and payment schedule for GMAC's security which GMAC felt did not adequately protect its interest in the property. Therefore, GMAC chose to file a complaint seeking relief from the automatic stay and had to pay a $60 filing fee to properly file said complaint.

The filing fee was prescribed by the Judicial Conference of the United States (the Conference) pursuant to 28 U.S.C. § 1930(b) which provides that

> The ... Conference ... may prescribe additional fees in cases under Title 11 of the same kind as the ... Conference prescribes under Section 1914(b) of this title.

Section 1914(b) provides that "The Clerk (of the District Court) shall collect from the parties such additional fees only as pre-

scribed by the ... Conference...." The filing fee for instituting any civil action or suit in the District Court is $60.[2] Pursuant to § 1930(b), the Conference prescribed that the fee for filing a complaint in Bankruptcy Court would be the same as that prescribed in § 1914(a). Said fee schedule became effective on July 1, 1980.

GMAC contends that the filing fee is invalid because the Conference exceeded its authority under § 1930(b). GMAC also contends that the filing fee violates its constitutional rights to due process and equal protection under the laws.

## DISCUSSION

### A.

■ This court holds that the filing fee prescribed by the Conference is valid and conforms with 28 U.S.C. § 1930(b). At issue is whether the filing fee is "of the same kind as the Judicial Conference prescribes under Section 1914(b) of this Title."

Congress did not mandate that the Conference prescribe fees "identical" to those charged in District Court. It did mandate fees "of the same kind." Had Congress intended the fees to be "identical", it would not have used the words "same kind." Clearly, the filing fee is "of the same kind" as fees charged in District Court. A litigant instituting a civil action in District Court or Bankruptcy Court must pay a $60 filing fee.

In *Mesa Farm Company v. United States,* 475 F.2d 1004 (9th Cir. 1973), the Court of Appeals upheld the Conference's interpretation of "net proceeds realized." The *Mesa* court applied, as does this court, the standard of review as set forth in *Udall v. Tallman,* 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1964). The *Udall* standard directs courts faced with problems of statutory construction to show

great deference to the interpretation given the statute by the officers or agency

charged with its administration .... we [courts] need not find its [the agency] construction is the only reasonable one or even that it is the result we would have reached had the question arisen in the first instance in judicial proceedings.

*Udall, supra* at p. 16, 85 S.Ct. at 801. The *Mesa* court found that the *Udall* standard of review applies to the Judicial Conference. Applying said standard, the court upheld the Conference's interpretation because it had a rational basis, was not plainly unreasonable and did not conflict with Congress' plain intent.[3]

Following the broad *Udall* standard, this court holds that the Conference did not abuse its discretion by prescribing $60 filing fees for complaints filed in Title 11 cases. The Conference's interpretation of the words "of the same kind" was valid and reasonable. The Conference did not abuse its delegated power by requiring creditors instituting adversary proceedings in Bankruptcy court to pay the same filing fee as litigants instituting civil actions in District Court. Moreover, though creditors seeking relief from the automatic stay *may be* analagous to respondents in District Court temporary restraining order proceedings, the Conference was not unreasonable in requiring creditors to pay fees. Creditors *chose* to file complaints with attendant filing fees. They can and do choose other procedures whereby they will receive an opportunity to be heard without paying any filing fees. See discussion *infra.*

### B.

This court holds that the filing fee prescribed by the Conference does not violate GMAC's rights under either the Due Process or Equal Protection Clauses of the Constitution. This court adheres to the general rule that "reasonable costs may be imposed on litigants without violating ... constitutional guaranties..." 16A, Am.Jur.2d,

2. 28 U.S.C. § 1914(a).

3. *See* also *American Guaranty Corporation v. United States,* 401 F.2d 1004 (Ct.Cl.1968)

where the Court of Claims, using a similar standard, upheld the Conference's interpretation of the words "graduated fees" as a reasonable exercise of discretionary power.

Constitutional Law, § 614. "Costs are part of the burden of litigation and no litigant is deprived of a constitutional right by statutes which impose such costs upon him." 20, Am.Jur.2d, Costs § 6.

■ GMAC's argument that the filing fee is unconstitutional is based upon the premise that as a creditor GMAC is forced to defend a suit brought against it by the debtor in an exclusive forum, the bankruptcy court. Thus, for Due Process purposes GMAC contends it should be viewed as a defendant, not as a plaintiff. This court cannot accept such a premise.[4] Debtor did not institute an action against GMAC by filing a petition and plan listing GMAC as a secured creditor even though debtor proposed a value and payment schedule for GMAC's collateral. The statutory automatic stay stops GMAC from repossessing its collateral or proceeding in state court but it does not put GMAC in a defensive posture.

Though the Bankruptcy Court may be the exclusive forum until the automatic stay expires, filing a complaint is not the exclusive procedure available in Bankruptcy Court. If a creditor feels the debtor's valuation and payment schedule does not adequately protect the creditor's interest, the creditor has an opportunity to be heard other than by complaint. The creditor may protect its interest by filing a proof of claim at no cost. The burden of going forward with evidence would then shift to the debtor who would have to file an objection to the claim filed. At the hearing on objection, the court could fix the value of the collateral and approve a payment schedule that would adequately protect the creditor's interest. If the debtor files a Chapter 13 petition, the creditor, at no cost, may file a written objection to confirmation of the plan. A creditor may also file, at no cost, a motion for adequate protection. Other procedures and alternatives are available, at no cost, whereby a creditor may be heard and attempt to protect its interest in property. If after considering its alternatives, GMAC decides it would be more expedient to proceed by way of complaint, it is not unreasonable that a fee be charged. Finally, most secured creditors, like GMAC, may recover fees and costs incurred in repossessing or foreclosing its property under the express terms of the security agreements creating the debtor-creditor relationship.

■ The imposition of a filing fee does not deny GMAC equal protection of the laws. The traditional equal protection test states that legislative classification or state action that is rationally based and free from invidious discrimination is constitutional. The traditional test is called the rational justification or minimum scrutiny test.[5] The rational justification test especially applies to legislation affecting economics and social welfare.[6] However, where a legislative classification or state action impairs a fundamental constitutional right or involves a suspect class, the court will strike down the legislation unless it is necessary to further a compelling state interest. In such instances, the courts subject the challenged legislation to strict judicial scrutiny.[7] The classification herein challenged does not affect a fundamental constitutional interest nor does it involve a suspect class. Therefore, the traditional test is applicable. A rational justification may be based on the fact that the filing fees collected will be used to offset the costs of the system. It is irrelevant that the fees go into the United States general revenue fund because the

4. *Accord, In re Leyba,* 12 B.R. 773, 7 B.C.D. 1111 (Bkrtcy.1981); *Contra, In re South,* 6 B.R. 645 (D.C.) aff'd 10 B.R. 889 (Bkrtcy.1981).

5. Traditional Test applied in: *Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1969); *United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973); *Richardson v. Belcher,* 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971); *Ortwein v. Schwab,* 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973).

6. *Ortwein, supra* at p. 660, 93 S.Ct. at 1174.

7. Strict scrutiny applied in: *Skinner v. Oklahoma,* 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942); *Kramer v. Union School District,* 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969); *Graham v. Richardson,* 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971); *Memorial Hospital v. Maricopa County,* 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306 (1974).

expenses of the system are paid from the same fund.[8] GMAC is not denied equal protection of the laws by the imposition of the $60 filing fee. *See Leyba, supra,* for a more thorough discussion of the equal protection issue.

■ Finally, the filing fee does not deprive GMAC of either procedural or substantive due process. Substantive due process generally protects citizens from arbitrary government action or legislation. Procedural due process generally mandates that the government shall not deprive a citizen of life, liberty or property without notice and a meaningful opportunity to be heard. A general rule can be stated that

... whatever, in the matter of classifications, complies with the requirements as to Equal Protection of the laws will, so far as an objection is concerned, be likewise upheld as amounting to Due Process of law.

16A, Am.Jur.2d, Constitutional Law, § 817.[9] The imposition of a filing fee upon a non-indigent creditor does not violate that creditor's equal protection or due process rights.

Basically, GMAC relies upon *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1970), and subsequent cases interpreting it in support of its due process arguments. In *Boddie, indigents* could not pay filing fees so they were denied access to state court divorce proceedings. *Boddie* held that the filing fees denied *indigents* due process of the laws. However,

*Boddie* was based on the notion that a state cannot deny access, simply because of poverty, to a judicial proceeding [that is] the only effective means of resolving the dispute at hand.[10]

The *Boddie* holding that fees denied indigents due process was based on three crucial findings. First, marriage was viewed as a fundamental interest of the society. Second, the state monopolized the means for legally dissolving a marriage. Finally,

indigents were denied access to court and to divorces, solely because of poverty. In the instant case, GMAC is not indigent. Moreover, as discussed *supra,* though the bankruptcy court may well be the exclusive forum, filing a complaint is not the exclusive proceeding available. GMAC has alternatives, at no cost, whereby it may be heard and its interests may be protected.

In *Kras, supra,* the court upheld a filing fee requirement for the filing of a bankruptcy petition. The *Kras* court, citing *Boddie* at p. 382, 91 S.Ct. at 788 stated:

We do not decide that access for all individuals to the courts is a right that is, in all circumstances, guaranteed by the Due Process Clause.

The court emphasized the availability of alternative dispute settlement techniques not conditioned upon paying filing fees.

The Supreme Court in *Ortwein, supra,* again held that filing fees did not deprive indigents of Due Process or Equal Protection. The court emphasized that one's interest in greater welfare payments, like one's interest in a bankruptcy discharge, has less constitutional significance than one's interest in dissolving a marriage.

Finally, in *Manes, supra,* the District Court held that filing fees were constitutional and did not foreclose court access to litigants where the fees were not "patently exclusionary" because of "their very size." The filing fees required in *Manes* were similar in size to the fee challenged herein.

## CONCLUSION

The imposition of a $60 filing fee was a reasonable exercise of the Judicial Conference's discretionary power under 28 U.S.C. § 1930(b).

The filing fee at issue does not deny GMAC equal protection of the laws because it is rationally related to a proper state purpose.

8. *Manes v. Goldin,* 400 F.Supp. 23 (D.C.N.Y. 1975).

9. *Accord, Richardson v. Belcher, supra* at p. 81, 92 S.Ct. at 257.

10. *Kras, supra* at p. 443, 93 S.Ct. at 636.

The filing fee does not deny GMAC due process of the laws. GMAC is not indigent. GMAC has various means by which its rights can be adjudicated without the payment of the filing fee. The filing fee requirement is reasonable, not arbitrary or capricious, because it reasonably charges the same fee for instituting bankruptcy adversary proceedings as for instituting civil actions in District Court.

WHEREFORE, IT IS HEREBY ORDERED THAT the motion of General Motors Acceptance Corporation for reimbursement of filing fee be and hereby is denied.