In re RED BARN, INC., Debtor.

The MERRILL TRUST COMPANY, Plaintiff,

v.

RED BARN, INC., Defendant.

Bankruptcy No. 180–00374.
C181–0055.

United States Bankruptcy Court,
D. Maine.

Sept. 28, 1982.

---

Stephen G. Morrell, Eaton, Peabody, Bradford & Veague, Bangor, Me., for plaintiff.

Harvey J. Putterbaugh, Portland, Me., for debtor.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

Plaintiff filed in March, 1981 a complaint for relief from stay seeking leave to foreclose upon a mortgage. Plaintiff paid the $60.00 filing fee required to file its complaint, but seeks to have the fee returned, arguing that the fee is neither authorized by statute nor constitutional.

Pursuant to 28 U.S.C. § 1930(b), the Judicial Conference of the United States has adopted a schedule of fees for bankruptcy courts which requires that a creditor who files a complaint must pay a fee in the same amount as the filing fee prescribed in 28 U.S.C. § 1914(a) for instituting any civil action in federal district court other than a writ of habeas corpus. Judicial Conference Schedule of Fees, Fee No. 7 *reprinted at* 28 U.S.C.A. § 1930 (Supp.1982 at 237). Section 1930 provides in part:

(a) Notwithstanding section 1915 of this title, the parties commencing a case under title 11 shall pay to the clerk of the bankruptcy court the following filing fees:

(1) For a case commenced under chapter 7 or 13 of title 11, $60.

(2) For a case commenced under chapter 9 of title 11, $300.

(3) For a case commenced under chapter 11 of title 11 that does not concern a railroad, as defined in section 101 of title 11, $200.

(4) For a case commenced under chapter 11 of title 11 concerning a railroad, as so defined, $500.

An individual commencing a voluntary case or a joint case under title 11 may pay such fee in installments.

(b) The Judicial Conference of the United States may prescribe additional fees in cases under title 11 of the same kind as the Judicial Conference prescribes under section 1914(b) of this title.

Section 1914 provides in part:

(a) The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court,

whether by original process, removal or otherwise, to pay a filing fee of $60, except that on application for a writ of habeas corpus the filing fee shall be $5. (b) The clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States.

■ Plaintiff argues that the fee for filing complaints in bankruptcy court is not "of the same kind" as any fee prescribed under section 1914(b). A literal reading of the statute might support plaintiff's position, since the filing fee in question more closely resembles the filing fee provided in section 1914(a) than any fee promulgated under section 1914(b). A statute, however, "is not to be read overliterally. It has long been settled that acts of Congress must be interpreted in light of the spirit in which they were written and the reasons for their enactment." *General Service Employees Union Local No. 73 v. National Labor Relations Board,* 578 F.2d 361, 366 (D.C.Cir.1978) (footnotes omitted). Moreover, the court is here guided by the interpretation placed upon section 1930(b) by the Judicial Conference. That interpretation is entitled to great deference by this court, and should be given effect unless it is plainly unreasonable or in conflict with the plain intent of the legislature. *Mesa Farm Co. v. United States (In re Mesa Farm Co.),* 475 F.2d 1004, 1007–08 (9th Cir. 1973); *see In re Purdy,* 16 B.R. 860, 865 (N.D.Ga.1981); *see also Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965).

■ Under the old Bankruptcy Act, the bankruptcy system was supposed to be self-supporting. To that end, bankruptcy referees' salaries and expenses were paid out of the referees' salary and expense fund created by section 40c(4) of the Act, 11 U.S.C. § 68c(4) (repealed), and funded in part from filing fees. *See* 1 *Collier on Bankruptcy* ¶ 3.04[5][a] (15th ed. 1982). The new Bankruptcy Code abolished the referees' salary and expense fund, and with it the idea that the bankruptcy system should be self-supporting. *Id.* ¶ 3.04[5][c] at 3–341. Instead, bankruptcy courts were intended to be financed as are other federal courts. Thus, section 1930 was enacted to "raise filing fees in a manner that treats bankruptcy cases identical[ly] with other Federal court cases and comports with dollar values appropriate ... for gaining access to a Federal court." 124 Cong. Rec. H 11108 (daily ed. Sept. 28, 1978) (remarks of Congressman Edwards) *reprinted in id.* ¶ 3.04[5][b] at 3–341. Thus, it appears that Congress intended that filing fees in bankruptcy courts be the same as those in other federal courts. The Judicial Conference's interpretation of section 1930(b) conforms with that intent. Unlike the filing of a typical non-bankruptcy civil action, the filing of a bankruptcy petition commences a process which usually involves many parties in numerous and distinct causes of action. The exclusive, sweeping jurisdiction [1] granted to bankruptcy courts ensures that a wide range of adversary proceedings will come before the court. Requiring the payment of a filing fee for complaints in bankruptcy cases equal to the fee required for a civil action in federal district court serves Congress's goal of equal treatment of all litigants seeking access to federal courts.

■ Plaintiff next argues that even if section 1930(b) can be read as permitting the Judicial Conference to prescribe in bankruptcy cases fees "of the same kind" as prescribed under section 1914(a), the filing fee here in question is *not* of the same kind as the fee prescribed for filing a civil action in district court. Plaintiff contends that a complaint for relief from stay is comparable to a motion in district court to dissolve a temporary restraining order (for which no filing fee is required).

Again the Court gives great deference to the interpretation given the statute by the Judicial Conference. The statute does not

---

1. Said jurisdiction was held to be too sweeping for an Article I bankruptcy court. *See Northern Pipeline Constr. Co. v. Marathon Pipeline Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (declaring portions of the Bankruptcy Code to be unconstitutional). That judgment was stayed until October 4, 1982.

require that the prescribed fees be "identical" to those charged in district court. Surely it cannot be seriously maintained that it is plainly unreasonable or in conflict with the plain intent of Congress to determine that the fee charged for filing a complaint in bankruptcy court is "of the same kind" as the fee charged for filing a complaint in district court. *See In re Bradford,* 14 B.R. 722, 724, 8 B.C.D. 263, 264, 5 C.B. C.2d 336, 338 (Bankr.N.D.Ill.1981). The Court holds that by establishing the fee in question the Judicial Conference did not exceed its authority under 28 U.S.C. § 1930(b).

 Plaintiff lastly argues that the fee requirement violates due process on the theory that a creditor of a debtor is in a defensive posture in light of the automatic stay imposed by 11 U.S.C. § 362, and the imposition of a filing fee unconstitutionally burdens the creditor's access to the courts to defend its property rights. Several courts have rejected plaintiff's characterization of its position. *See In re Purdy,* 16 B.R. at 867–68; *In re Bradford,* 14 B.R. at 725, 8 B.C.D. at 265, 5 C.B.C.2d at 339; *In re Leyba,* 12 B.R. 773, 775, 7 B.C.D. 1111, 1112; 4 C.B.C.2d 1176, 1178 (Bankr.D.Colo. 1981). Even assuming, however, that plaintiff may properly be characterized as a defendant, due process does not here require that access to bankruptcy proceedings be free of the burden of a fee requirement.

When faced with a due process challenge to a statutory burden upon a defendant's access to court, courts "balance the interests of the state against the interests of individuals to determine whether the strictures of due process are satisfied." *Otasco, Inc. v. United States (In re South),* 689 F.2d 162, 165 (10th Cir. 1982). Here, plaintiff, a non-indigent, seeks to preserve its rights as a mortgagee. Such rights involve economic interests which the courts have recognized are not fundamental interests deserving special protection. *Id.; see also United States v. Kras,* 409 U.S. 434, 446, 93 S.Ct. 631, 638, 34 L.Ed.2d 626 (1973). The state's interests in imposing the fee include recouping a part of the costs of the bankruptcy system and discouraging litigation which is frivolous or intended merely to harass the debtor. *See Otasco, Inc. v. United States (In re South),* 689 F.2d at 166.

> In the face of [plaintiff's] ability to pay the fee, the nonfundamental nature of [plaintiff's] interest, and the government's legitimate interest in levying the fee, we cannot say that the fee requirement unduly burdens [plaintiff's] access to the judicial process.

*Id.*

Accordingly, plaintiff's motion for return of its $60.00 filing fee is denied.