Heghmann v. Rye, NH, et al.          CV-04-100-SM  11/8/04
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Robert A. Heghmann,
      Plaintiff

      v.                                    Civil No. 04-100-SM
                                            Opinion No. 2004 DNH 157
Town of Rye, New Hampshire;
Rye Board of Selectmen; Earl Rinker;
Alan Gould; Kevin Walsh; Priscilla Jenness;
Joseph G. Mills; John W. Moynahan;
Djamel Hafiani; Ronald P. Indorf;
Stephen M. Morrison; Hon. Susan DeVries;
and the law firm of Gregoire, Morrison & Indorf,
      Defendants


                         **O R D E R**


      Pro se plaintiff, Robert Heghmann, brings this action

against state district court judge Susan DeVries, the Town of

Rye, various members of the Rye police force and board of

selectmen, and his former landlord.  This is the second time

Heghmann has attempted to obtain damages in this forum for

alleged violations of the Bankruptcy Code's automatic stay

provisions and alleged violations of his federally protected

rights.  His first effort proved unsuccessful when the court

dismissed all claims set forth in his original complaint.  See

Heghmann v. Hafiani, No. 03-219-JD (D.N.H. May 28, 2003).  In

this action, defendants again move to dismiss all of Heghmann's

claims.  Heghmann objects.[1]


## Background

In his Report and Recommendation, the Magistrate Judge

discussed in detail the relevant factual background to this

litigation.

> On or about August 1, 2002, Robert and Beatrice
> Heghmann (the "Heghmanns") entered into a Lease
> Agreement with Purchase Option with defendant Djamel
> Hafiani for a residential property in Rye, New
> Hampshire.  On February 6, 2003, defendant Hafiani
> filed a Landlord and Tenant Writ against the Heghmanns
> in Portsmouth District Court based on the Heghmanns'
> failure to pay rent.  On March 3, 2003, after a
> hearing, the Portsmouth District Court found that the
> Heghmanns were in arrears of rent for the months of
> January, February and March 2003 in the amount of
> $5,700.  The Heghmanns were ordered to pay the amount

---

[1]     Mr. Heghmann is an attorney, admitted to practice before the federal district courts in New York and Connecticut, the Court of Appeals for the Second Circuit, and the United States Supreme Court. <u>Heghmann v. Fermanian</u>, 2000 WL 1742122 at * 1, n.1 (D.Me. Nov. 27, 2000).  He is no stranger to pro se litigation, at least some of which has been meritless. <u>See</u> <u>id.</u> at * 4 (awarding sanctions against Heghmann and concluding that his "claims in this action were without merit from the beginning and would have been perceived as such by any objectively reasonable attorney.").  Nor is this the first time that litigation has flowed from Heghmann's failure to honor rent and/or mortgage obligations. <u>See</u> <u>Connecticut Sav. Bank v. Heghmann</u>, 193 Conn. 157, 474 A.2d 790 (1984).

2

owed no later than 5 p.m. on March 15, 2003 or a writ of possession would issue on March 17, 2003 without the need for a further hearing.

On March 13, 2003, Mr. Heghmann filed a voluntary petition for bankruptcy under Chapter 13. Notwithstanding the filing of the bankruptcy petition, the Portsmouth District Court issued a notice on March 17, 2003 indicating that the court's March 3, 2003 order was final and that a writ of possession was issued.

On May 19, 2003, Mr. Heghmann filed a "Motion to Quash Writ of Possession" in the Portsmouth District Court. Mr. Heghmann alleged that defendant Hafiani was apparently unaware of Mr. Heghmann's bankruptcy petition when he obtained the writ of possession. Mr. Heghmann argued that the automatic stay in bankruptcy rendered the March 17, 2003 writ of possession void, and he requested that the Portsmouth District Court so find.

On May 21, 2003, Mr. Heghmann's Chapter 13 petition was dismissed by the United States Bankruptcy Court. Mr. Heghmann did not oppose the Bankruptcy Trustee's motion to dismiss the voluntary petition. See Compl., ¶ 30.

On May 22, 2003, Mr. and Mrs. Heghmann filed a four-count complaint in this federal district court against defendant Hafiani. See Heghmann v. Hafiani, Civ. No. 03-219-JD. The Heghmanns asserted claims against defendant Hafiani based on his alleged denial of their right to due process in the state court, violation of the automatic stay for requesting that a New Hampshire State Police execute the March 17, 2003 writ of possession, and breach of contract.

In an endorsed order dated May 23, 2003, the Portsmouth District Court denied Mr. Heghmann's motion to quash. The court found that Mr. Heghmann's bankruptcy case was dismissed on May 21, 2003, and that "writ shall issue." The Rockingham County Sheriff's Department served the

Heghmanns with a Notice of Eviction that same day.  The Heghmann's were given until 7:00 p.m. on May 24, 2003 to vacate the premises.  Mr. Heghmann tried to convince defendant Kevin Walsh of the Rye Police to stop the eviction on May 24, 2003, but he refused.  The Heghmanns vacated the property later that day.

On May 28, 2003, the federal district court (DiClerico J.) issued an order <u>sua</u> <u>sponte</u> dismissing the Heghmanns' complaint.  The court found that it lacked subject matter jurisdiction over the Heghmanns' claims.  The court found that the Heghmanns' due process challenges to the state court proceedings in Counts I and II of the Complaint were barred under the <u>Rooker-Feldman</u> doctrine.  The court further found that the Heghmanns failed to state a claim against defendant Hafiani under 42 U.S.C. § 1983 because Hafiani is not a state actor.

Similarly, the court found that it lacked jurisdiction to consider Count III, which alleged that defendant Hafiani violated the automatic stay that arose from Mr. Heghmann's Chapter 13 bankruptcy petition, because that issue should have been raised in the bankruptcy proceeding.  The court further found that:

> To the extent that the Heghmanns are attempting to appeal the bankruptcy court's decision to dismiss their petition, they have not followed the proper procedures under the Bankruptcy Rules.  To the extent the Heghmanns seek a stay of an order of the bankruptcy court, that must be directed to that court.  <u>See</u> Bankr. R. 8005.

After dismissing the Heghmanns' federal claims, the court declined to exercise supplemental jurisdiction over their breach of contract claim.  No appeal was taken from the court's May 28, 2003 Order.

On June 2, 2003, Mr. Heghmann filed motions in the United States Bankruptcy Court to set aside the

dismissal of his petition, and for contempt against defendant Hafiani and Mr. Hafiani's then attorney, defendant Ronald P. Indorf. Mr. Heghmann argued that defendants Hafiani and Indorf intentionally violated the automatic stay by seeking to enforce the writ of possession issued on March 17, 2003, and by seeking a new writ of possession after Mr. Heghmann's bankruptcy case was dismissed based on the Portsmouth District Court's March 3, 2003 order. Mr. Heghmann further argued that defendants Hafiani and Indorf were continuing to violate the automatic stay by failing to take any action to correct or mitigate Mr. Heghmann's damages.

On June 3, 2003, the bankruptcy court issued orders denying Mr. Heghmann's motion to set aside the dismissal of the petition, and denying Mr. Heghmann's motion for contempt. Since the motion to set aside the dismissal was filed more than ten days after the court's order, the court treated the motion as a motion for relief from judgment under Fed. R. Civ. P. 60(b). The court found that Mr. Heghmann failed to allege facts demonstrating any of the typical grounds for relief from judgment under that rule. In a separate order, the court found that since Mr. Heghmann's motion for contempt was filed after his bankruptcy case had been dismissed the motion was moot. Mr. Heghmann did not appeal either of those orders.

On June 19, 2003, Mrs. Heghmann filed a voluntary petition for bankruptcy under Chapter 13. On June 23, 2003, Mr. Heghmann filed a motion for contempt in the bankruptcy court on behalf of Mrs. Heghmann alleging that defendant Hafiani and Indorf willfully violated the automatic stay. Mr. Heghmann amplified the allegations that he made in the motion for contempt filed in his own bankruptcy case, and added to those allegations the contention that defendant Indorf did not honor the automatic stay that arose as the result of Mrs. Heghmann's bankruptcy petition, and refused to permit the Heghmanns' to re-enter the premises.

5

In an order dated August 19, 2003, the bankruptcy court decided motions filed on behalf of Mrs. Heghmann entitled "Motion for Order Implementing Automatic Stay" and "Motion for Contempt." The court found that the first motion sought an order "allowing her to return to her previous residence and that her possessions be returned to her" by defendant Hafiani. The court found that while the second motion was entitled "contempt," it alleged a violation of the automatic stay under § 362(h) of the bankruptcy code against defendants Hafiani and Indorf.

The bankruptcy court indicated in its August 19th Order that it had informed the parties at the hearing that it was only interested in alleged stay violations that occurred after the filing of Mrs. Heghmann's bankruptcy case on June 19, 2003. Mr. Heghmann testified at that hearing. Among the findings that the bankruptcy court made in its order were the following:

> 1.  An alleged violation of the automatic stay may not be prosecuted in a subsequent bankruptcy case.
>
> 2.  The debtors in the two cases were different.
>
> 3.  The ten day stay provided in Bankruptcy Rule 7062 is not applicable to an order dismissing the case. See Fed. R. Bankr. P. 9014, which provides that Bankruptcy Rule 7062 is not applicable to a contested matter. Thus, this eviction was in place prior to the filing of the instant petition and is not subject to challenge in this proceeding.

The court found that Mrs. Heghmann's Chapter 13 petition extended the statutory period during which defendant Hafiani had to preserve the Heghmanns' property as property of the bankruptcy estate. Defendant Hafiani was found to have violated the automatic stay by selling the debtor's personal

property that had not been retrieved at yard sales on July 12 and July 19, 2003. Although Mrs. Heghmann sought punitive damages in the amount of $125,000 for herself and $125,000 for Mr. Heghmann, the court ordered only that defendant Hafiani pay the $1,200 that he testified that he obtained from the yard sales as actual damages to the Chapter 13 trustee, subject to the debtor's right to claim exemptions in those proceeds. The court found that cause did not exist to impose punitive damages against defendant Hafiani.

On August 28, 2003, Mr. Heghmann filed a notice of appeal of the bankruptcy court's August 19, 2003 order on behalf of Mrs. Heghmann to the United States Bankruptcy Appellate Panel for the First Circuit. Mrs. Heghmann's bankruptcy case was dismissed on September 10, 2003 based on failure to prosecute. That order has also been appealed.

Heghmann v. Town of Rye, 326 F. Supp. 2d 227, 228-31 (D.N.H. 2004) (footnotes and citations omitted).

## Discussion

I. Count One - Violations of the Automatic Stay.

In count one of his complaint, Heghmann alleges that Hafiani (his landlord), Judge DeVries, and Chief Gould and Sergeant Walsh of the Rye police department violated the automatic stay provisions of the Bankruptcy Code, as they applied to Heghmann's bankruptcy. As this court (DiClerico, J.) noted in Heghmann's earlier case, however, the federal district court lacks

7

jurisdiction to entertain claims involving alleged violations of the Bankruptcy Code's automatic stay. See Heghmann v. Hafiani, No. 03-219-JD, slip op. (D.N.H. May 28, 2003). See also Eastern Equip. & Servs. Corp. v. Factory Point Nat'l Bank, 236 F.3d 117, 121 (2d. Cir. 2001); MSR Exploration, Ltd. v. Meridian Oil, Inc., 74 F.3d 910, 913-16 (9th Cir. 1996).

Moreover, even if Heghmann could advance his claims alleging violations of the automatic stay in this forum, Judge DeVries would be entitled to the protection afforded by absolute judicial immunity, which shields her not only from liability for damages, but from suit as well. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991). All of the acts attributed to her in Heghmann's complaint were unarguably taken by Judge DeVries in her judicial capacity, and none was taken in the complete absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (citation and internal punctuation omitted).

8

And, to the extent that Heghmann's complaint might plausibly be read to assert official capacity claims against Judge DeVries, they are barred by the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citation omitted).

## II.   Count Three - Due Process and Equal Protection Violations.

In count three of his complaint, presumably invoking the provisions of 42 U.S.C. § 1983, Heghmann alleges that Judge DeVries, Attorney Indorf, and Landlord Hafiani violated his constitutionally protected rights to equal protection and due process. Specifically, he alleges:

> New Hampshire in the person of Judge DeVries has re-established Debtor's Prison. In cases coming before her in both the Landlord-Tenant Court and Small Claims Court, Judge DeVries issues a judicial order directing the defendants before her to pay moneys without first making a definite finding of the defendant's ability to pay.

> By ordering a defendant to pay a sum certain subject to the contempt power of the court and possible incarceration in the New Hampshire House of Correction, Judge DeVries denies defendants due process and equal protection of the law.
>
> Attorney Indorf and Landlord Hafiani invoked the jurisdiction of the court and Judge DeVries knowing that the result would be the issuance of an order to pay a sum certain without a specific finding of ability to pay. They share in the due process and equal protection violations of Judge DeVries.

Complaint at paras. 82-84. Among other things, Heghmann seeks injunctive relief against those defendants, asserting that they "must be enjoined from future violations of the due process and equal protection rights of defendants in civil litigation." Even assuming Heghmann has standing to seek an injunction to protect the rights of other defendants in future state court litigation, his claims are entirely without merit.

First, count three of Hegmann's complaint appears to be little more than a thinly veiled attack on the state court's order directing him to pay the rent he owed to Hafiani, else risk eviction. As such, his proper recourse was to appeal that order, rather than seek to undermine it in this forum. This court lacks jurisdiction to entertain such collateral attacks on state court

10

judgments.  See generally Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983).  See also Sheehan v. Marr, 207 F.3d 35, 39-40 (1st Cir. 2000).

Even if this court had jurisdiction over the claims alleged in count three, nowhere in his complaint does Heghmann allege that, when defendants Indorf and/or Hafiani invoked the state court's jurisdiction, they were acting under color of state law - an essential element of any section 1983 claim.  For that reason (among others), his section 1983 claim against those defendants fails.  See, e.g., Polk County v. Dodson, 454 U.S. 312, 318 (1981) ("It is often said that lawyers are 'officers of the court.'  But the Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.").

With regard to his claim against Judge DeVries, it is, to the extent he seeks monetary damages, barred by the doctrine of

11

absolute judicial immunity.  To the extent he seeks injunctive relief, it is barred by 42 U.S.C. § 1983, which provides:

> [I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Id.  Heghmann's complaint fails to allege that the due process and equal protection violations of which he complains (i.e., the state court's order directing him to make rent payments to Hafiani by a date certain) were the product of Judge DeVries having violated a previously issued declaratory decree.  Nor does he allege that declaratory relief is unavailable to him.  Consequently, even if this court were to have jurisdiction over the claims alleged in count three, that count fails to state a viable cause of action.  See generally Johnson v. McCuskey, 2003 WL 21893069 at *2 (7th Cir. 2003); King v. Connecticut, 2004 WL 1875030 at *3 (D.Conn. 2004); Nollet v. Justices of the Trial Ct. of Mass., 83 F. Supp. 2d 204, 210 (D.Mass. 2000).

III. Count Four - Violations of Article VI of the Constitution.

In count four of his complaint, Heghmann alleges that Judge DeVries and Attorney Indorf are liable for having allegedly breached their respective oaths of office, as described in Article VI of the United States Constitution, which provides that "all executive and judicial officers, both of the United States and of the several states, shall be bound by oath or affirmation, to support this Constitution." Again, the court assumes Heghmann is invoking the provisions of 42 U.S.C. § 1983 as the means by which to advance his constitutional claims. In support of those claims, Heghmann alleges:

> As this case illustrates, positions requiring a[n] Oath to defend the Constitution cannot be entrusted to persons who do not believe in the Oath. To do so would render the Oath meaningless, something the Founding Fathers would never have found acceptable. Therefore, persons who have demonstrated that they do not believe or abide by the Oath must not be permitted to continue in positions that require an Oath. Judge DeVries and Attorney Indorf must be enjoined from maintaining, continuing or accepting any position that as a condition requires the taking of an Oath to defend the Constitution.

Complaint at para. 94. Such a claim under § 1983 fails for the same reasons that his earlier constitutional claim against Judge DeVries and Attorney Indorf fails. Accordingly, for the reasons

13

set forth above, as well as those advanced in the memoranda supporting defendants' motions to dismiss, count four of Heghmann's complaint fails to state a viable claim.

IV.  Count Six - Violations of the Automatic Stay.

In count six of his complaint, as he does in count one, Heghmann again alleges that various defendants (the law firm of Gregoire, Morrison & Indorf, two of its partners, Landlord Hafiani, the Town of Rye, and the individual members of the Rye board of selectmen) violated the provisions of the Bankruptcy Code's automatic stay, as they related to Heghmann's bankruptcy. As noted above, however, this court lacks jurisdiction to entertain such a claim; the proper forum in which to advance claims involving alleged violations of the automatic stay is the bankruptcy court.

V.  Heghmann's State Law Claims.

In the remaining counts of his complaint, Heghmann alleges that: (1) individual members of the Rye Board of Selectmen are liable, under the doctrine of respondeat superior, for alleged violations of the automatic stay committed by Chief Gould and

14

Sergeant Walsh of the Rye Police Department (count two); and Landlord Hafiani and Attorney Indorf violated the provisions of N.H. Rev. Stat. Ann. 540-A:3 VII, by failing to protect personal property that Heghmann left in the house from which he was evicted (count five).

Those claims are of questionable merit. Nevertheless, assessing their merit is best left to the state courts. Accordingly, this court declines to exercise its supplemental jurisdiction over them. See 28 U.S.C. § 1367. Section 1367 provides that the court may decline to exercise supplemental jurisdiction over a plaintiff's state law claim when:

(1)  the claim raises a novel or complex issue of State law,

(2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3)  the district court has dismissed all claims over which it has original jurisdiction, or

(4)  in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

15

To assist district courts, the Court of Appeals for the First Circuit has identified the following additional factors that should be considered when determining whether to exercise supplemental jurisdiction over state law claims: (1) the interests of fairness; (2) judicial economy; (3) convenience; and (4) comity.  See Camelio v. American Fed'n, 137 F.3d 666, 672 (1st Cir. 1998).  With regard to principles of fairness and comity, the Supreme Court has observed:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.  Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (footnote omitted).

Given that the court has dismissed all of Heghmann's federal claims, and in the interests of both comity and fairness to the parties, the court declines to exercise supplemental jurisdiction over the state law claims in counts two and five of Heghmann's complaint.

## Conclusion

For the foregoing reasons, as well as those set forth in the various memoranda submitted by defendants in support of their motions to dismiss, counts one, three, four, and six of plaintiff's complaint are dismissed with prejudice. As to the state law claims advanced in counts two and five, the court declines to exercise its supplemental jurisdiction and those claims are dismissed without prejudice.

Accordingly, to the extent they seek dismissal of counts one, three, four, and six, the following motions are granted:

1.  Motion to dismiss (document no. 16), filed by Attorney Indorf, Attorney Morrison, and the law firm of Gregoire, Morrison & Indorf;

2.  Motion to dismiss (document no. 19), filed by the Town of Rye, Earl Rinker, Alan Gould, Kevin Walsh, Priscilla V. Jenness, Joseph G. Mills, and John W. Moynahan;

3.  Motion to dismiss (document no. 26), filed by Djamel Hafiani; and

4.  Motion to dismiss (document no. 42), filed by Judge Susan DeVries.

In all other respects, those motions are denied.

17

Plaintiff's motion for order to show cause (document no. 10), as well as his motion for summary judgment (document no. 11) are denied.  His motion to extend time to respond (document no. 21) is granted.

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

November 8, 2004

cc:   Charles P. Bauer, Esq.
      Djamel Hafiani
      Robert A. Heghmann
      Daniel J. Mullen, Esq.
      William C. Saturley, Esq.