### In re Glenn S. ROGERS, Nancy Lynn Rogers, Debtors.

### Bankruptcy No. 91–25060–B.

United States Bankruptcy Court, E.D. Virginia, Norfolk Division.

Nov. 2, 1992.

---

Dana K. Sheppard, Shapiro & Burson, Virginia Beach, Va., for Bancplus Mort. Corp.

Charles L. Marcus, Interim Trustee, Portsmouth, Va.

HAL J. BONNEY, Jr., Bankruptcy Judge.

## ORDER

On October 30, 1992 the debtors herein, Glenn S. and Nancy Lynn Rogers, filed a Notice Of Appeal of the Order of the Court of October 20, 1992, dismissing their motion to reopen their bankruptcy case. Along with the Notice Of Appeal was an application for leave to proceed on appeal *in forma pauperis.*

■ The right to proceed *in forma pauperis* does not exist in bankruptcy.

There is a cite in their application, 28 U.S.C. § 1915(a), but they are unaware of 28 U.S.C. § 1930 which begins, "Notwithstanding § 1915." Section 1930 takes bankruptcy out of the proceedings *in forma pauperis* set forth in § 1915. Therefore, there is a basic fee of $5.00 plus $100.00 for the docketing of a proceeding on appeal. Bankruptcy Court Fee Schedule, Administrative Office Of The United States Courts, February 1, 1991.

Case law is also quite clear on the point. Bankruptcy is not a Constitutional right which one has. It is a privilege. *U.S. v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973). *Also see In re Frottier,* 130 B.R. 614 (Bkrtcy.S.D.Fla.1991).

Therefore, the application to proceed *in forma pauperis* must be, and it hereby is, DENIED.

■ Since the debtors may not proceed *in forma pauperis,* the Court would not want them prejudiced by this denial coming so close to the deadline for perfecting an appeal. The time for perfecting the appeal by paying the $105.00 fee is hereby extended by ten (10) days from October 30, 1992 to November 10, 1992. If the fee is not paid by that date, the Clerk shall dismiss the Notice.

IT IS SO ORDERED.