PHILIPS ELECTRONICS NORTH AMERICA CORPORATION and U.S. Philips Corporation, Plaintiffs,

v.

CONTEC CORPORATION, Compo Micro Tech, Inc., Seoby Electronics Co., Ltd., Remote Solution Co., Ltd., F/K/A Hango Electronics Co., Ltd., Hango Remote Solution, Inc., Defendants.

Civ.A. No. 02–123–KAJ.

United States District Court,
D. Delaware.

March 12, 2004.

Richard L. Horwitz, Potter Anderson & Corroon LLP, Wilmington, DE, Marc DeLeeuw, Maureen Sheehan, Sullivan & Cromwell, of counsel, New York, NY, for plaintiffs.

Jack B. Blumenfeld, Julia Heaney, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, Alfred R. Fabricant, Martin Pfeffer, Lawrence C. Drucker, Ostrolenk, Faber, Gerb & Soffen, LLP, New York, NY, of counsel, for defendant Compo Micro Tech, Inc.

David L. Finger, Finger & Slanina, P.A., Wilmington, for defendants Remote Solution Co. Ltd., f/k/a Hango Electronics Co., Ltd. and Hango Remote Solution, Inc.

## MEMORANDUM OPINION

JORDAN, District Judge.

### I. INTRODUCTION

This is a patent infringement case. Jurisdiction is proper under 28 U.S.C. § 1338. Presently before me is a Motion to Sever and for Separate Trials (the "Motion") filed by defendant Compo Micro Tech ("CMT") pursuant to Federal Rules of Civil Procedure 20 and 21. (Docket Item ["D.I."] 342.) For the reasons that follow, CMT's Motion will be granted.

### II. BACKGROUND

Plaintiffs Philips Electronics North America Corporation and U.S. Philips Corporation (collectively, "Philips") filed a complaint for patent infringement against defendant Contec Corporation ("Contec") on February 12, 2002. (D.I.1.) On September 17, 2002, Philips was granted leave to amend its complaint to join as additional defendants CMT, Seoby Electronics Co., Ltd. ("Seoby"), Remote Solution Co., Ltd. f/k/a Hango Electronics Co., Ltd. ("Remote Solution") and Hango Remote Solution, Inc. ("Hango").[1] (D.I.41, 42.) On August 28, 2003, Philips, Seoby, and Contec entered into a Consent Judgment, leaving Remote Solution, Hango, and CMT as the only defendants in this case. (D.I.258.) Remote Solution's Motion to Dismiss for Lack of Personal Jurisdiction (D.I.105) was denied on March 11, 2004.

The patents-in-suit are U.S. Patent Nos. 4,703,359 (the " '359 patent") and 5,872,562 (the " '562 patent"), both of which are owned by Philips. (D.I. 41, Ex. A at ¶ 8.) The technology disclosed in the '359 and '562 patents is directed to remote control units ("RCUs") for controlling home appliances from different manufacturers and categories. *See* '359 patent, col 1, Ins. 15–17; '562 patent, col 1, Ins. 13–16 (attached to D.I. 1 as Exs. A and B). Philips alleges that CMT and Hango have been and still are infringing, contributing to the infringement of, and inducing the infringement of the patents-in-suit by "designing, manufacturing, using, selling or offering to sell remote control units ["RCUs"] on behalf of or to Contec ... and ... by manufacturing, using selling or offering to sell other remote control units including those using the programming system Contec refers to as 'Point and Press Programming'...." (D.I. 41, Ex. A at ¶¶ 21, 27, 29.)

CMT claims that all of the RCUs it distributed to Contec are manufactured and designed by Ohsung Electronics, a Korean manufacturing company. (D.I. 343 at 2.) Remote Solution, also a Korean company, manufactures the RCUs that Hango distributed to Contec. (*Id.*) Philips claims that CMT's and Hango's RCUs function identically for purposes of an infringement analysis, and that CMT and Hango have both sold accused RCUs to Contec. (D.I. 346 at 3.)

Fact discovery is now complete, and, at the time CMT filed its Motion on February 6, 2004, expert discovery was near completion. (D.I. 343 at 1.) The trial is set to begin on April 12, 2004.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 20(a) provides, in pertinent part:

All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or

---

1. As more fully explained in a Memorandum Order issued in this case on March 11, 2004, Remote Solution is litigating this case on behalf of Hango, its defunct subsidiary. *See Philips v. Contec*, C.A. No. 02–123–KAJ, slip. op. at 5, 2004 WL 503602 (D.Del. Mar. 11, 2004). CMT's Motion requests severance from Hango. In subsequent briefing on the Motion, the parties refer to Hango and Remote Solution interchangeably. (*See* D.I. 345 at 1 f.n.1; D.I. 346 at 1; D.I. 350 at 1.) While Remote Solution and Hango are technically different entities, I refer to Hango throughout this Memorandum Opinion and Order with the understanding that Hango and Remote Solution are essentially the same entity for purposes of this litigation.

fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a) (2003). Thus, Federal Rule of Civil Procedure 20(a) contemplates two tests for joinder: (1) the occurrence of some question of fact or law common to all parties, and (2) the existence of a right to relief predicated upon or arising out of a single transaction or occurrence or series thereof. *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch,* 564 F.Supp. 1358, 1370 (D.Del.1983). In order to permit joinder, both tests must be satisfied. *Id.* (citing *Mesa Computer Utilities, Inc. v. Western Union Computer Utilities, Inc.,* 67 F.R.D. 634, 636 (D.Del.1975)).

Federal Rule of Civil Procedure 21 provides that "[a]ny claim against a party may be severed and proceeded with separately." Fed.R.Civ.P. 21 (2003). Whether to grant or deny severance is left to the discretion of the trial judge. *See U.S. v. Donsky,* 825 F.2d 746, 754 (3d Cir.1987) (citation omitted).

## IV. DISCUSSION

In support of its Motion, CMT argues that Philips has improperly joined it with Hango because CMT and Hango are distinct entities that are unrelated to one another. (D.I. 343 at 3–4.) CMT further argues that Philips has not claimed that CMT and Hango are jointly and severally liable for any alleged infringement. (*Id.* at 4.) CMT also argues that Philips's claims of infringement against CMT should be severed from those against Hango because the issues to be tried and the accused RCUs are unique to each of the defendants. (*Id.* at 5–6.) Finally, CMT argues that severance is necessary to prevent it from being prejudiced and to prevent jury confusion. (*Id.* at 6.)

Philips and Hango argue that CMT and Hango are properly joined and that CMT's Motion should be denied because it is untimely. (D.I. 345 at 1; D.I. 346 at 4.) Hango further argues that CMT has not made any legitimate claim of prejudice it would suffer were it required to conduct a joint trial with Hango. (D.I. 345 at 2.) Philips also argues that its claims against CMT and Hango arise from the same transaction and involve com-

mon questions of law and fact, thus making a single trial appropriate. (D.I. 346 at 7–9.)

First, I have concluded that the assertion that CMT's Motion is untimely is without merit. CMT moved for severance and for separate trials after fact discovery was complete and just over two months before the trial date. The Federal Rules of Civil Procedure do not set forth a deadline by which a party must move to sever or for separate trials. *See* Fed.R.Civ.P. 21 ("Parties may be dropped ... on any motion of any party ... *at any stage of the action* ...") (emphasis added). Presumably, all of the parties were entering the home stretch approaching trial at the time CMT filed its Motion. Regardless of how I ruled, Philips and CMT were still going to trial on April 12, 2004. If I denied CMT's Motion, Hango was also going to trial on April 12, 2004, and if I granted CMT's Motion, Philips and Hango were going to trial sometime after April 12, 2004. Therefore, as a practical matter, neither Philips nor Hango have demonstrated how CMT's Motion prejudices their respective trial preparations.

Second, I conclude that neither Philips nor Hango has alleged facts that make it appropriate to join CMT and Hango as defendants in this case under Federal Rule of Civil Procedure 20. Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction. *Paine Webber,* 564 F.Supp. at 1370–71; *accord New Jersey Machine, Inc. v. Alford Indus. Inc.,* 1991 WL 340196 at *1 (D.N.J. Oct. 7, 1991), *aff'd,* 983 F.2d 1087 (Fed.Cir.1992) ("Infringement of the same patent by different machines and parties does not constitute the same transaction or occurrence to justify joinder ...."); *see also Androphy v. Smith & Nephew, Inc.,* 31 F.Supp.2d 620, 623 (N.D.Ill.1998) (finding joinder of defendant companies selling different products in competition with each other impermissible, notwithstanding alleged infringement of the same patents). CMT and Hango are separate entities. The accused RCUs that CMT sold to Contec were manufactured by Ohsung Electronics, while the accused RCUs that Hango sold to Contec

were manufactured by Remote Solution. All Philips has alleged is that CMT distributes and sells RCUs that infringe the '359 and '562 patents owned by Philips and that Hango also distributes and sells other RCUs that infringe those same patents. *See Pergo, Inc. v. Alloc, Inc.*, 262 F.Supp.2d 122, 128 (S.D.N.Y.2003). There is no allegation that CMT is jointly and severally liable with Hango for any alleged infringement of the patents-in-suit. *Id.* Nor is there a claim that CMT's alleged infringement is related to Hango's alleged infringement, and, as a result, there is no allegation that the actions of both defendants arise out of the same transaction or series of transactions. *See id.* at 128. Hango even admits that it has no proof of any business relationship between it and CMT. (*See* D.I. 345 at 2 f.n.3.) Thus, the only connection between CMT and Hango is that they may have infringed the same patents owned by Philips, *id.*, which is an insufficient basis to join unrelated parties as defendants in the same lawsuit, *see Paine Webber*, 564 F.Supp. at 1371.

I also find that CMT may be prejudiced if it is required to defend itself in the same trial as Hango. Even though there is no joint defense agreement in place between CMT and Hango, Hango has chosen to rely solely upon CMT's defenses rather than mount its own defense to the claims brought against it by Philips. (*See* D.I. 345 at 3 (Hango admitting that "[its] defenses will be parallel with CMT, and [its] fortunes will rise and fall with those of CMT.").) Hango claims that, if CMT's Motion is granted, it would "stand trial defenseless." (*Id.* at 4.)

CMT cannot be forced to go to trial improperly joined with Hango simply because Hango has not conducted its own defense against Philips's claims of patent infringement. Further, there is a substantial risk of prejudice to CMT were the jury to believe that CMT is somehow linked to Hango. Because Hango is accused of patent infringement and will stand defenseless at trial, there is the real prospect that the jury will assume that CMT is liable for patent infringement by association with Hango. The interests of justice will thus be served by severing CMT and Hango and conducting

separate trials. *See* Fed.R.Civ.P. 21 (providing that parties may be dropped "on such terms as are just"). Apart from the inconvenience of rescheduling the trial, there is no compelling reason why Philips and Hango cannot conduct a separate trial on Philips's claims of patent infringement sometime after April 12, 2004.

Finally, Philips argues that I may consolidate the actions against CMT and Hango pursuant to Federal Rule of Civil Procedure 42(a). (D.I. 346 at 8.) This argument is unavailing, as

> Rule 42(a) . . . is distinguishable from Rule 20(a) because cases may be consolidated under Rule 42(a) before trial, when the actions involve a common question of law or fact. No requirement exists, as in Rule 20(a), that the right to relief must be predicated upon or must have arisen out of a single transaction or occurrence or series thereof.

*Paine Webber*, 564 F.Supp. at 1370. Philips has not shown that CMT's and Hango's liability rises out of a single transaction or occurrence, nor has Philips alleged that the acts of infringement are connected in any manner, making joinder under Federal Rule of Civil Procedure 20(a) improper. *Id.* at 1371. Therefore, the claims against CMT will be severed from the claims against Hango, pursuant to Federal Rule of Civil Procedure 21. *Pergo*, 262 F.Supp.2d at 128 (citing *U.S. ex rel. N. Santiam Watershed Council v. Kinross Gold USA, Inc.*, 1998 WL 118176 at *2 (N.D.Cal.1998)).

## V. CONCLUSION

For these reasons, CMT's Motion to Sever and for Separate Trials (D.I.342) will be granted. An appropriate order will issue.

### *ORDER*

For the reasons set forth in the Memorandum Opinion issued today, it is hereby ORDERED that defendant Compo Micro Tech's Motion to Sever and for Separate Trials (D.I. 342) is GRANTED. Philips and defendants Remote Solution and Hango are ORDERED to contact the court within ten days of the

date of this Order to set up a teleconference to discuss scheduling in this matter.