Heghmann v. Rye, NH, et al.            CV-04-100-SM  03/18/05
                     UNITED STATES DISTRICT COURT

                       DISTRICT OF NEW HAMPSHIRE


Robert A. Heghmann,
       Plaintiff

       v.                               Civil No. 04-100-SM
                                        Opinion No. 2005 DNH 045
Town of Rye, New Hampshire;
Rye Board of Selectmen; Earl Rinker;
Alan Gould; Kevin Walsh; Priscilla Jenness;
Joseph G. Mills; John W. Moynahan;
Djamel Hafiani; Ronald P. Indorf;
Stephen M. Morrison; Hon. Susan DeVries;
and the Law Firm of Gregoire, Morrison & Indorf,
       Defendants


                          **O R D E R**


       By order dated November 8, 2004, the court dismissed all of

plaintiff's federal claims and declined to exercise supplemental

jurisdiction over his state law claims.  Heghmann v. Town of Rye,

2004 DNH 157 (D.N.H. Nov. 8, 2004) ("Heghmann I").  Defendants

Earl Rinker, Alan Gould, Kevin Walsh, Priscilla Jenness, Joseph

Mills, John Moynahan, and the Town of Rye (the "Rye Defendants")

move for an award of costs and attorney's fees.  Similarly,

Attorney Ronald Indorf, Attorney Steven Morrison, and the Law

Firm of Gregoire, Morrison & Indorf (the "Law Firm Defendants")

also move for an award of costs and attorney's fees.  Although

those motions have been pending for more than three months, plaintiff has not filed an objection.

**Background**

The factual background to this litigation is described in detail in the court's order dated November 8, 2004, as well as in the Bankruptcy Appellate Panel's opinion in Heghmann v. Indorf, BAP No. 03-73, 316 B.R. 395 (B.A.P. 1st Cir. 2004). Because the factual background makes a difference in the court's resolution of defendants' motions, it should probably be recounted in some detail. The Bankruptcy Appellate Panel's summation serves that purpose well:

### I. Eviction Proceedings and Robert Heghmann's Chapter 13 Petition

Robert and Beatrice Heghmann leased residential property owned by Appellee Djamel Hafiani. In February 2003, Mr. Hafiani filed an eviction proceeding against the Heghmanns in the Portsmouth, New Hampshire District Court (the "State Court") for failure to pay rent. On March 3, 2003, after a hearing, the State Court [Judge Susan DeVries presiding] ordered the Heghmanns to pay rental arrears of $5,700 to Mr. Hafiani by March 15, 2003, or a writ of possession would issue as of March 17, 2003, without further hearing.

The Heghmanns neither paid the $5,700 nor appealed the judgment. Instead, on March 13, 2003, Robert Heghmann filed a voluntary Chapter 13 petition. Notwithstanding the filing of the bankruptcy petition, on March 17,

2

2003, the State Court issued a Notice of Default Judgment and a Writ of Possession in accordance with its March 3rd order.

On May 19, 2003, Robert Heghmann filed a motion in the State Court to quash the writ of possession, alleging that the writ was void because it issued in violation of the automatic stay. However, on May 21, 2003, the bankruptcy court dismissed Robert Heghmann's Chapter 13 case for failure to file the required bankruptcy schedules and Chapter 13 plan. Accordingly, on May 23, 2003, the State Court denied the Motion to Quash and issued a new Writ of Possession in accordance with its March 3rd order. The next day, the Heghmanns were evicted from the premises. <u>The Heghmanns did not appeal</u>.

On May 22, 2003, the Heghmanns filed a complaint in the United States District Court for the District of New Hampshire alleging violations of the automatic stay by Mr. Hafiani and seeking a temporary restraining order. On May 28, 2003, the district court issued an order sua sponte dismissing the complaint, finding that it lacked subject matter jurisdiction. <u>The Heghmanns did not appeal</u>.

On June 2, 2003, Robert Heghmann filed two motions with the bankruptcy court: (1) a motion to "set aside" the dismissal of his bankruptcy petition, and (2) a motion for contempt against Mr. Hafiani and his counsel, Attorney Ronald Indorf, for alleged violations of the automatic stay. The bankruptcy court denied both motions, concluding that Robert Heghmann had not established sufficient grounds to overturn the dismissal and that dismissal rendered moot the motion for contempt. <u>Robert Heghmann did not appeal these orders, nor did he appeal the dismissal of his Chapter 13 case</u>.

## II. Beatrice Heghmann's Bankruptcy Proceedings

On June 19, 2003, Robert Heghmann filed a voluntary Chapter 13 petition on behalf of his wife, Beatrice

3

Heghmann (hereafter, the "Debtor"). Thereafter, the Debtor filed three motions: (1) a Motion for Order Implementing Automatic Stay (the "Motion to Implement Stay"), (2) a Motion for Contempt, and (3) an Application for Partial Relief from Stay (the "Motion for Partial Stay Relief"). The Motion to Implement Stay sought an order allowing the Debtor to return to her previous residence and requiring Mr. Hafiani to return the Debtor's possessions. The second motion, although styled as a motion for contempt, alleged violations of the automatic stay by Mr. Hafiani and Attorney Indorf and sought punitive and compensatory damages. The Motion for Partial Stay Relief sought relief from the automatic stay to allow the Debtor to pursue a federal civil action against Mr. Hafiani and Attorney Indorf.

On August 12, 2003, the bankruptcy court held a hearing on the three motions, at which Robert Heghmann and Mr. Hafiani apparently testified. On August 19, 2003, the bankruptcy court entered one order with respect to both the Motion for Contempt and the Motion to Implement Stay (the "Order"). On that same day, the bankruptcy court also issued an order denying the Motion for Partial Relief without further discussion.

In the Order, the bankruptcy court refused to consider any pre-petition stay violations. Rather, the bankruptcy court focused on post-petition actions taken by Mr. Hafiani as landlord in handling the Debtor's personal property. The bankruptcy court concluded that Mr. Hafiani had "pleaded" with the Heghmanns to pick up their personal property, making numerous telephone calls to the Heghmanns and even leaving the premises open several times. Finding Mr. Hafiani's testimony to be credible, the bankruptcy court concluded that there were no stay violations until Mr. Hafiani sold some of the Debtor's property at yard sales on July 12 and 19, 2003. Accordingly, the bankruptcy court ordered him to pay damages of $1,200. The bankruptcy court also concluded that although Mr. Hafiani's actions were taken on the advice of his counsel, Attorney Indorf did not violate the automatic stay as he did not take any actions against the estate. This appeal ensued.

4

> Subsequently, the Debtor's bankruptcy case was dismissed for failure to file the required schedules and Chapter 13 plan.

Id. at 398 - 400 (emphasis supplied) (footnotes omitted).

In March of 2004, plaintiff brought this suit. He filed a 48-page complaint against numerous defendants, including his former landlord (Mr. Hafiani), the Town of Rye, New Hampshire, the Rye Board of Selectmen, a sitting state court judge (Judge DeVries), two attorneys, and a law firm. That complaint set forth four federal claims and two state law claims, over which plaintiff implicitly asked the court to exercise supplemental jurisdiction.

Through his federal claims, plaintiff sought (again) to recover damages for alleged violations of the Bankruptcy Code's automatic stay provisions and alleged violations of his constitutionally protected rights to due process and equal protection. Specifically, plaintiff's complaint set forth the following federal claims:

> Count 1: Alleged violations of the Bankruptcy Code's Automatic Stay provisions by his former landlord (Djamel Hafiani), Chief of Police Alan Gould, Judge DeVries, and Sergeant Walsh.

5

Count 6:   Alleged violations of the Bankruptcy Code's
           Automatic Stay provisions by the Law Firm
           Defendants, Landlord Hafiani, the Town of Rye, and
           various Town officials.

Count 3:   Alleged violations of his constitutionally
           protected rights to equal protection and due
           process by Judge DeVries, Attorney Indorf, and
           Landlord Hafiani (the court assumed that this
           count was brought pursuant to 42 U.S.C. § 1983).

Count 4:   Alleged violations of Article VI of the U.S.
           Constitution (which provides, in part, that "all
           executive and judicial officers, . . . shall be
           bound by oath or affirmation to support this
           Constitution") by Judge DeVries and Attorney
           Indorf (again, the court assumed that this count
           was brought pursuant to 42 U.S.C. § 1983).

The court dismissed all of plaintiff's federal claims and, although it noted that his state law claims were "of questionable merit," it did not rule on them, electing, instead, not to exercise its supplemental jurisdiction.

As the court noted in its prior order, although plaintiff is representing himself in this litigation, he is not the typical pro se litigant.

Mr. Heghmann is an attorney, admitted to practice
before the federal district courts in New York and
Connecticut, the Court of Appeals for the Second
Circuit, and the United States Supreme Court. Heghmann
v. Fermanian, 2000 WL 1742122 at * 1, n.1 (D.Me. Nov.
27, 2000). He is no stranger to pro se litigation, at
least some of which has been meritless. See id. at * 4

6

(awarding sanctions against Heghmann and concluding that his "claims in this action were without merit from the beginning and would have been perceived as such by any objectively reasonable attorney.").  Nor is this the first time that litigation has flowed from Heghmann's failure to honor rent and/or mortgage obligations.  See Connecticut Sav. Bank v. Heghmann, 193 Conn. 157, 474 A.2d 790 (1984).

Heghmann I, at 2 n.1.


## Standard of Review

Pursuant to Fed. R. Civ. P. 54(d) and 42 U.S.C. § 1988, defendants move for an award of attorney's fees and costs, asserting that "plaintiff ignored prior unambiguous court rulings and unreasonably initiated this frivolous and baseless litigation in a court that has no jurisdiction to consider plaintiff's claims."  Rye Defendants' motion for fees (document no. 55) at 1.

Although section 1988 vests the court with discretion to award costs and fees to a "prevailing party," the court of appeals for this circuit has observed that "decisions to grant defendants their fees are, and should be, rare."  Tang v. Department of Elderly Affairs, 163 F.3d 7, 13 (1st Cir. 1998). The Supreme Court has held that, before a court may award attorney's fees to a prevailing defendant under section 1988, it

7

must first conclude that the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Hughes v. Rowe, 449 U.S. 5, 14 (1980) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)). The Court went on to observe:

> The plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees. As we stated in Christiansburg, . . . . "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."

Hughes, 449 U.S. at 14-15.

## Discussion

Prior to filing this action, plaintiff knew (or certainly should have known) that his claims were frivolous, groundless, and wholly without merit. Even if he were not a licensed attorney, his prior experience in this and other courts should have made it plain that the claims advanced in this case lacked any legal or factual support.

8

In prior bankruptcy proceedings plaintiff litigated (and then attempted to relitigate) his claims that various defendants had violated the provisions of the automatic stay. With regard to defendant Hafiani he actually prevailed (at least to a modest degree). Consequently, to the extent he sought the same relief from the same parties in this forum, he knew (or certainly should have known) that his claims were barred by principles of res judicata and/or the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983).

More to the point, however, in prior litigation in this court Judge DiClerico specifically informed plaintiff that the federal district court lacks subject matter jurisdiction over claims involving alleged violations of the automatic stay. Nevertheless, rather than appeal that order, plaintiff elected to file this repetitive suit, in which he again asserted that various defendants had violated the automatic stay. Such conduct, particularly on the part of an attorney, is, to say the least, surprising.

9

In addition to his bankruptcy-related claims, plaintiff also elected to file claims under 42 U.S.C. § 1983 which any reasonable attorney would have immediately recognized as entirely without legal basis. First, his claims against the state court judge were little more than a thinly veiled attack on the state court's order directing him to pay the rent he owed to Hafiani or face eviction - an order plaintiff elected not to appeal. Those claims were facially barred by the Rooker-Feldman doctrine. Moreover, as the court noted in its order of dismissal, plaintiff's claims against the state court judge were undeniably barred by the doctrine of absolute judicial immunity.

As to plaintiff's remaining section 1983 claims (counts three and four) the named defendants (Landlord Hafiani and Attorney Indorf) are unquestionably private, rather than state, actors. Plaintiff knew or should have known that state action was not provable, and he certainly made no effort to plead that the named private actors might be held liable under section 1983 because, for example, they acted in concert with state actors (of course nothing suggests support for such a claim).

Based upon his training as an attorney and based upon prior orders of this and other courts in related litigation, plaintiff is presumed to understand that this court lacks jurisdiction over claims alleging violations of the automatic stay. He is also presumed at this point to understand the basic legal principle that 42 U.S.C. § 1983 attaches liability only to state actors, or those acting under color of state law. Under the circumstances, it is apparent that plaintiff initiated this baseless and frivolous litigation fully aware of its character.

Discerning plaintiff's motives (e.g., whether he seeks to harass or intimidate the defendants, or whether he hopes to extract something in settlement) would, of course, be somewhat speculative on this record. But, one thing is clear: the federal claims asserted in his complaint were frivolous from the start and plaintiff did recognize, or should have recognized them as such prior to filing his complaint. As was the case in litigation brought by plaintiff in Maine, his "claims in this action were without merit from the beginning and would have been perceived as such by any objectively reasonable attorney." Heghmann v. Fermanian, 2000 WL 1742122 at *4 (D. Me. Nov. 27, 2000).

11

## Conclusion

To be sure, awards of costs and attorney's fees in favor of prevailing defendants are reserved for rare cases. This is a rare case.

Notwithstanding his pro se status, plaintiff is a licensed and presumed competent attorney, who has, it would seem, substantial experience. As an attorney, and given his prior experience, plaintiff is charged with the basic understanding that his constitutional rights cannot be violated by private citizens (unless, for example, they act in concert with state actors). He is also charged with knowledge of the substance of the court's orders in his cases. In prior litigation brought by plaintiff, this court (DiClerico, J.) specifically held that it lacked subject matter jurisdiction over his claims involving alleged violations of the automatic stay. Nevertheless, plaintiff filed virtually identical and repetitive claims in this action, forcing defendants to expend resources and time in addressing entirely baseless claims. He has failed to articulate any good faith reason for doing so, and the court can discern none. But, regardless of plaintiff's subjective motivation in

12

filing this suit, the claims he advanced were objectively frivolous, unreasonable, and without legal foundation.

The Rye Defendants unopposed motion for costs and fees in the amount of $15,952.88 (document no. 55) is granted. The Law Firm Defendants' unopposed motion for reasonable costs and attorneys fees (document no. 56) is also granted, subject to the court's review of supporting documentation which counsel has represented he will provide.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

March 18, 2005

cc:  Robert a. Heghmann
     Charles P. Bauer, Esq.
     Daniel J. Mullen, Esq.
     William C. Saturley, Esq.

13