Beatrice M. HEGHMANN, Debtor.

Beatrice M. Heghmann, Appellant,

v.

Ronald Indorf and Djamel Hafiani, Appellees.

BAP No. NH 03–073.
Bankruptcy No. 03–12162–MWV.

United States Bankruptcy Appellate Panel of the First Circuit.

May 5, 2005.

Beatrice M. Heghmann, Rye, NH, pro se.

Before HILLMAN, BOROFF and CARLO, United States Bankruptcy Appellate Panel Judges.

Before the Panel on Beatrice Heghmann's Motion for Leave to Proceed In Forma Pauperis.

HILLMAN and CARLO, U.S. Bankruptcy Appellate Panel Judges.

Before the Bankruptcy Appellate Panel (the "Panel") is Beatrice Heghmann's Motion for Leave to Proceed In Forma Pauperis before the United States Court of Appeals for the First Circuit.[1] On November 17, 2004, Beatrice Heghmann (the "Debtor") appealed to the Court of Appeals from the Panel's decision affirming the bankruptcy court's order regarding her Motion for Contempt against Ronald Indorf and Djamel Hafiani, and her Mo-

tion for an Order Implementing the Automatic Stay.

## BACKGROUND

The Debtor appealed to the Panel from the bankruptcy court's August 19, 2003 order regarding her Motion for Contempt against Ronald Indorf and Djamel Hafiani, and her Motion for an Order Implementing the Automatic Stay. In the first motion, the Debtor sought a finding of contempt against Djamel Hafiani and his attorney, Ronald Indorf, for alleged violations of the automatic stay. The second motion sought an order allowing the Debtor to return to her previous residence and requiring that her possessions be returned to her by her previous landlord, Djamel Hafiani. The bankruptcy court concluded that Mr. Hafiani (but not Attorney Indorf) had violated the automatic stay by selling some of the Debtor's property at post-petition yard sales and ordered him to pay actual damages of $1,200 under 11 U.S.C. § 362(h). The bankruptcy court also denied the Debtor's request to return to her previous residence. The Panel affirmed.

### A. Eviction Proceedings and Robert Heghmann's Chapter 13 Petition

The Debtor and her husband, Robert Heghmann, leased residential property owned by Djamel Hafiani. In February 2003, Mr. Hafiani filed an eviction proceeding against the Heghmanns in the Portsmouth, New Hampshire District Court (the "State Court") for failure to pay rent. On March 3, 2003, after a hearing, the State Court ordered the Heghmanns to pay rental arrears of $5,700 to Mr. Hafiani by March 15, 2003, or a writ of possession

---

1. Fed. R.App. P. 24(a) requires that a party to a district court action who desires to appeal in forma pauperis must file a motion in the district court. Fed. R.App. P. 6(b)(1)(C) provides that when an appeal is from a bankrupt-cy appellate panel, the term "district court," as used in any applicable rule, means "appellate panel." Thus, the Debtor's application to proceed in forma pauperis must first be acted on by the Panel.

would issue as of March 17, 2003, without further hearing.

The Heghmanns neither paid the $5,700 nor appealed the judgment. Instead, on March 13, 2003, Robert Heghmann filed a voluntary Chapter 13 petition. Notwithstanding the filing of the bankruptcy petition, on March 17, 2003, the State Court issued a Notice of Default Judgment and a Writ of Possession in accordance with its March 3rd order.

On May 19, 2003, Robert Heghmann filed a motion in the State Court to quash the writ of possession, alleging that the writ was void because it issued in violation of the automatic stay. However, on May 21, 2003, the bankruptcy court dismissed Robert Heghmann's Chapter 13 case for failure to file the required bankruptcy schedules and Chapter 13 plan. Accordingly, on May 23, 2003, the State Court denied the Motion to Quash and issued a new Writ of Possession in accordance with its March 3rd order. The next day, the Heghmanns were evicted from the premises. The Heghmanns did not appeal.

On May 22, 2003, the Heghmanns filed a complaint in the United States District Court for the District of New Hampshire alleging violations of the automatic stay by Mr. Hafiani and seeking a temporary restraining order. On May 28, 2003, the district court issued an order sua sponte dismissing the complaint, finding that it lacked subject matter jurisdiction. The Heghmanns did not appeal.

On June 2, 2003, Robert Heghmann filed two motions with the bankruptcy court: (1) a motion to "set aside" the dismissal of his bankruptcy petition, and (2) a motion for contempt against Mr. Hafiani and his counsel, Attorney Ronald Indorf, for alleged violations of the automatic stay. The bankruptcy court denied both motions, concluding that Robert Heghmann had not established sufficient grounds to overturn the dismissal and that dismissal rendered moot the motion for contempt. Robert Heghmann did not appeal these orders, nor did he appeal the dismissal of his Chapter 13 case.

## B. Beatrice Heghmann's Bankruptcy Proceedings

On June 19, 2003, Robert Heghmann filed a voluntary Chapter 13 petition on behalf of his wife, Beatrice Heghmann.[2] Thereafter, the Debtor filed three motions: (1) a Motion for Order Implementing Automatic Stay (the "Motion to Implement Stay"), (2) a Motion for Contempt, and (3) an Application for Partial Relief from Stay (the "Motion for Partial Stay Relief"). The Motion to Implement Stay sought an order allowing the Debtor to return to her previous residence and requiring Mr. Hafiani to return the Debtor's possessions. The second motion, although styled as a motion for contempt, alleged violations of the automatic stay by Mr. Hafiani and Attorney Indorf and sought punitive and compensatory damages.[3] The Motion for Partial Stay Relief sought relief from the automatic stay to allow the Debtor to pursue a federal civil action against Mr. Hafiani and Attorney Indorf.

On August 12, 2003, the bankruptcy court held a hearing on the three motions, at which Robert Heghmann and Mr. Haf-

**2.** Robert Heghmann is a licensed attorney and represents Beatrice Heghmann in this matter.

**3.** The Debtor argued that Mr. Hafiani and Attorney Indorf repeatedly violated the automatic stay in their efforts to execute the Writ of Possession during the course of Robert Heghmann's bankruptcy case and in evicting the Heghmanns after Robert Heghmann's case was dismissed. As noted above, the Heghmanns were evicted on May 24, 2003, prior to the commencement of the instant case. Consequently, the majority of the actions at issue occurred prior to the commencement of the instant case.

iani apparently testified.[4] On August 19, 2003, the bankruptcy court entered one order with respect to both the Motion for Contempt and the Motion to Implement Stay (the "Order"). On that same day, the bankruptcy court also issued an order denying the Motion for Partial Relief without further discussion.

In the Order, the bankruptcy court refused to consider any pre-petition stay violations.[5] Rather, the bankruptcy court focused on post-petition actions taken by Mr. Hafiani as landlord in handling the Debtor's personal property. The bankruptcy court concluded that Mr. Hafiani had "pleaded" with the Heghmanns to pick up their personal property, making numerous telephone calls to the Heghmanns and even leaving the premises open several times. Finding Mr. Hafiani's testimony to be credible, the bankruptcy court concluded that there were no stay violations until Mr. Hafiani sold some of the Debtor's property at yard sales on July 12 and 19, 2003. Accordingly, the bankruptcy court ordered him to pay damages of $1,200. The bankruptcy court also concluded that although Mr. Hafiani's actions were taken on the advice of his counsel, Attorney Indorf did not violate the automatic stay as

he did not take any actions against the estate.

The Debtor appealed to the Panel. The Panel ultimately affirmed the decision of the bankruptcy court. On November 17, 2004, the Debtor appealed the Panel's decision to the United States Court of Appeals for the First Circuit.

## DISCUSSION

### I. Authority to Consider In Forma Pauperis Relief

The question before the Panel is whether the Debtor's appellate filing fees may be waived. The authority to proceed in forma pauperis is found in 28 U.S.C. § 1915(a), providing that "any court of the United States" may:

> authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that .... the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a).[6]

■ In 1973, however, the U.S. Supreme Court ruled that 28 U.S.C.

---

4. The Debtor did not provide the Panel with a transcript of the hearing.

5. The bankruptcy court stated:
   1. An alleged violation of the automatic stay may not be prosecuted in a subsequent bankruptcy case.
   2. The debtors in the two cases are different.
   3. The ten day stay provided in Bankruptcy Rule 7062 is not applicable to an order dismissing the case. See Fed. R. Bankr.P. 9014, which provides that Bankruptcy Rule 7062 is not applicable to a contested matter. Thus, this eviction was in place prior to the filing of the instant petition and is not subject to challenge in this proceeding.
   See App. at 37.

6. Considerable difference of opinion exists as to whether bankruptcy courts are "courts of

the United States" and thus able to grant § 1915 relief at all. Compare Perroton v. Gray (In re Perroton), 958 F.2d 889, 896 (9th Cir. 1992) (concluding that bankruptcy court is not "court of United States" and therefore lacks authority to waive fees under § 1915(a)) with Matter of Anderson, 130 B.R. 497 (Bankr. W.D.Mich.1991) (citing Freytag v. C.I.R., 501 U.S. 868, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991)) (concluding that bankruptcy courts are "courts of the United States"); see also Burrell v. Letterlough (In re Burrell), 150 B.R. 369, 372 n. 3 (Bankr.E.D.Va.1992) (collecting cases). Bankruptcy courts in this circuit have either found authority to apply § 1915 on other grounds, see McGinnis v. McGinnis (In re McGinnis), 155 B.R. 294, 295–96 (Bankr. D.N.H.1993) (explaining that adversary proceeding is within the jurisdiction of the bankruptcy court as delegated under 28 U.S.C.

§ 1915(a) does not allow waiver of fees for filing a bankruptcy petition, holding that no constitutional right to discharge debts in bankruptcy exists, and further holding that bankruptcy fee requirements do not violate due process or equal protection rights. *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973); *see also In re Garland*, 428 F.2d 1185, 1187 (1st Cir.1970) (requiring payment of fees in order to obtain discharge not a violation of due process); *In re Red Barn*, 23 B.R. 593 (Bankr.D.Me.1982) (requiring payment of fee to file a complaint for relief from stay does not violate any fundamental right). The Bankruptcy Reform Act of 1978, 11 U.S.C. §§ 101, *et seq.*, codified the *Kras* holding, expressly excepting fees associated with the commencement of bankruptcy cases from the operation of 28 U.S.C. § 1915(a):

> Notwithstanding section 1915 of this title, the parties *commencing a case* under title 11 shall pay to the clerk of the district court or the clerk of the bankruptcy court . . . the following filing fees
> . . .

28 U.S.C. § 1930(a) (emphasis added). Some courts read § 1930(a) expansively, holding that it prohibits a party from proceeding in forma pauperis in all bankruptcy proceedings. *See In re Woodman*, 213 B.R. 53, 56 (Bankr.D.Conn.1997) (holding that even though administrative fees are not explicitly excluded from waiver it was intended that these fees be paid in all cases); *In re Rogers*, 147 B.R. 16, 17 (Bankr.E.D.Va.1992) (debtors may not proceed in forma pauperis on appeal because the right to proceed in forma pauperis does not exist in bankruptcy); *Harris v. M.E.I. Diversified, Inc.*, 156 B.R. 814, 815

(Bankr.E.D.Mo.1993) (holding that creditor may not proceed in forma pauperis because § 1930 removes bankruptcy proceedings from the ambit of § 1915).

On the other hand, 28 U.S.C. § 1930(b), allowing the Judicial Conference of the United States to prescribe other fees in bankruptcy cases, does not contain any language removing these fees from the operation of § 1915. Most bankruptcy courts that have addressed the § 1930 issue in published opinions hold that § 1930(a) applies only to the filing of a bankruptcy petition and does not apply to fees, as set from time to time by the Judicial Conference pursuant to § 1930(b), for other proceedings in bankruptcy. *See Benoit v. Lassina (In re Lassina)*, 261 B.R. 614, 616 (Bankr.E.D.Pa.2001) (holding that section 1930(b) fees may be waived by bankruptcy courts); *Burrell v. Letterlough (In re Burrell)*, 150 B.R. 369, 373 (Bankr. E.D.Va.1992) (concluding that appeal fees and costs are not explicitly excepted from waiver under the in forma pauperis statute); *In re Moore*, 86 B.R. 249, 251 (Bankr.W.D.Okla.1988) (holding that debtor could proceed in forma pauperis on appeal); *Weakland v. Avco Fin. Servs., Inc. (In re Weakland)*, 4 B.R. 114, 115 (Bankr.D.Del.1980) (concluding that debtors could proceed in forma pauperis in adversary proceeding to avoid lien); *In re Palestino*, 4 B.R. 721, 722 (Bankr.M.D.Fla. 1980) (explaining that section 1915 applies in all bankruptcy proceedings except the filing of an original bankruptcy petition). Thus, debtors filing new cases must pay filing fees while other parties, more incidentally involved in bankruptcy proceedings, may be able to proceed in forma

---

§ 157(a), and because motion to proceed in forma pauperis is incidental to the adversary proceeding, bankruptcy court has authority under 28 U.S.C. § 157(b) to decide it), or assumed authority to decide the issue, *see In re Red Barn*, 23 B.R. 593 (Bankr.D.Me.1982);

*Newton v. Fontaine (In re Fontaine)*, 10 B.R. 175 (Bankr.D.R.I.1981). We assume without deciding that under appropriate circumstances a bankruptcy court can apply 28 U.S.C. § 1915.

pauperis. Because appeal fees are not explicitly excepted from waiver by § 1930, we conclude that we may consider the Debtor's § 1915 request to proceed in forma pauperis on appeal to the United States Court of Appeals for the First Circuit.

## II. The Debtor's Motion for Leave to Appeal In Forma Pauperis

■ 28 U.S.C. § 1915 provides that a petition to proceed in forma pauperis is granted or denied at the discretion of the court. However, the court's discretion is limited to determinations of poverty and objective good faith. *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46, 35 S.Ct. 236, 59 L.Ed. 457 (1915). Good faith is demonstrated when an applicant seeks appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Thus, a determination as to whether the Debtor's application to proceed in forma pauperis on appeal should be granted turns on two factors: (1) a showing by affidavit that he is unable to pay the filing fees, *see Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40, 69 S.Ct. 85, 93 L.Ed. 43 (1948), and (2) a showing that the proposed proceedings are not frivolous or malicious, *see* 28 U.S.C. § 1915(e).

■■ We are satisfied that the Debtor has met the requisite showing of poverty. The Debtor's affidavit indicates that she and her husband have a negative net cash flow of at least $200 per month. Accordingly, we turn to an examination of the merits of the appeal to ensure that judicial and public resources are not expended needlessly on an appeal which has no basis in law or fact. *See Neitzke v. Williams,*

490 U.S. 319, 325–29, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Forte v. Sullivan*, 935 F.2d 1, 3 (1st Cir.1991). Probable success on the merits need not be shown. Where any nonfrivolous or colorable issue on appeal exists, the court is required to grant a motion for leave to file in forma pauperis.[7] *Forte*, 935 F.2d at 3; *Fredyma v. AT & T Network Sys., Inc.*, 935 F.2d 368 (1st Cir. 1991). Dismissal of an in forma pauperis complaint is appropriate when the claim is based on "indisputably meritless legal theory or factual allegations are clearly baseless." *Forte*, 935 F.2d at 3; *see also Denton v. Hernandez*, 504 U.S. 25, 31–33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

■ The Debtor and her husband have been litigants in numerous actions in state and district court and in prior bankruptcy proceedings seeking damages relating to their eviction. In these cases, the Heghmanns have repeatedly litigated (and attempted to relitigate) their claims that various defendants violated the provisions of the automatic stay. They currently have at least three appeals pending in the Court of Appeals, all of which they seek to pursue in forma pauperis. When the various orders of those courts are examined, however, it becomes apparent that the Heghmanns' efforts to relitigate the same issues seeking the same relief from the same parties is nothing short of frivolous. *See, e.g., Heghmann v. Town of Rye*, 2005 WL 637928, 2005 U.S. Dist. LEXIS 4255 (D.N.H.2005) (holding that Heghmann's lawsuit was frivolous, groundless, and wholly without merit and awarding costs and fees to defendants); *Heghmann v. Town of Rye*, 2004 WL 2526417, 2004 U.S. Dist. LEXIS 22790 (D.N.H.2004) (granting motions to dismiss Heghmann's complaint

---

7. The standard for dismissal under § 1915(d) is more rigorous than the standard for dismissal under Fed.R.Civ.P. 12(b)(6). *See Street v. Fair*, 918 F.2d 269, 273 (1st Cir.1990) (find-

ing that complaint that failed to state a claim under Fed.R.Civ.P. 12(b)(6) was not "frivolous" under § 1915(d), as deficiencies might be cured by an amended complaint).

for failure to state viable claims for damages for violations of the automatic stay and violations of his rights to due process and equal protection).

We find the present appeal to be in the same vein. Through this appeal, the Heghmanns are attempting to relitigate the State Court proceedings which resulted in the eviction. As the Panel stated in its opinion of November 3, 2004, the Debtor is barred from challenging the State Court proceedings by the doctrine of res judicata and/or the Rooker–Feldman doctrine. Accordingly, the Debtor's claims are manifestly frivolous. Relitigating a frivolous claim is not only plainly frivolous but patently without good faith.

Accordingly, the Debtor's request to proceed in forma pauperis is **DENIED**.

BOROFF, U.S. Bankruptcy Appellate Panel Judge, concurring in part and dissenting in part.

I concur in the majority's presentation of the fact pattern and in its well-reasoned holding that a bankruptcy debtor's appellate filing fees may be waived where the debtor demonstrates both an inability to pay the filing fees and objective good faith. I also agree that the necessary element of good faith is absent where the appeal is frivolous. Unfortunately, however, I part company with the majority's conclusion that the appeal here can be so characterized.

The critical elements of the fact pattern, which I draw from the majority's recitation, are:

On March 3, 2003, after a hearing, the State Court ordered the Heghmanns to pay rental arrears of $5,700 to Mr. Hafiani by March 15, 2003, or a writ of possession would issue as of March 17, 2003, without further hearing.

The Heghmanns neither paid the $5,700 nor appealed the judgment. Instead, on March 13, 2003, Robert Heghmann filed a voluntary Chapter 13 petition. Notwithstanding the filing of the bankruptcy petition, on March 17, 2003, the State Court issued a Notice of Default Judgment and a Writ of Possession in accordance with its March 3rd order. . . .

. . . [O]n May 21, 2003, the bankruptcy court dismissed Robert Heghmann's Chapter 13 case for failure to file the required bankruptcy schedules and Chapter 13 plan. Accordingly, on May 23, 2003, the State Court . . . issued a new Writ of Possession in accordance with its March 3rd order. The next day, the Heghmanns were evicted from the premises.

It is undisputed that the State Court ordered that a writ of possession would issue without further proceedings if the Heghmanns defaulted on their obligation to pay the rental arrears by March 15, 2003. We do not know, however, how the State Court discovered that the Heghmanns had defaulted. That communication had to have come from somewhere and could only have been delivered after March 15, 2003, two (2) days after Robert Heghmann had filed his Chapter 13 petition. Acting on this information from an unknown source, and notwithstanding the automatic stay, the State Court then issued the Notice of Default and the writ of possession. The issuance and entry of both documents, as discretionary acts taken by a state court, were obvious violations of the automatic stay in Robert Heghmann's bankruptcy case. They were both void *ab initio* as a matter of law. *See Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969, 976 (1st Cir.1997).

The complicating factor, of course, is that Robert Heghmann's bankruptcy case was subsequently dismissed. The State Court then reissued the writ of possession, pursuant to which the Heghmanns were

evicted. Yet the facts do not reveal whether the Notice of Default was reissued.

The foregoing raises a variety of issues that are, in my view, worthy of closer examination and concern. First: if the Notice of Default was a necessary predicate to the first writ of possession, but void as a matter of law, then how could it have been relied upon by the State Court when it issued the second writ of possession (without the State Court reissuing a second Notice of Default)? In *Soares*, the creditor commenced its foreclosure efforts by filing a prepetition complaint against the debtor in the Massachusetts Land Court. 107 F.3d at 972. After making the required service, the creditor filed a return of service with the Land Court and requested judgment, all prepetition. *Id.* The Land Court judgment, however, was issued postpetition. *Id.* When the debtor challenged the Land Court judgment as issued in violation of the automatic stay, the First Circuit Court of Appeals agreed. It refused to view the Land Court's action as "ministerial," because the issuance of the default judgment necessitated judicial discretionary review of the creditor's return of service. *Id.* at 976. And the First Circuit, on policy grounds, declined to characterize the seemingly inadvertent violation as a harmless error, viewing the judgment as "void" and not "voidable." *Id.* Here, it appears that the State Court issued the second writ of possession on account of a court entry (the Notice of Default) which was similarly a discretionary act taken in violation of the automatic stay. Perhaps there is a distinguishing factor; perhaps not. But raising this question is not frivolous in light of the teachings of *Soares*.

Second: does a co-debtor protected under § 1301(a) have the right to seek damages for a stay violation? I see nothing that precludes such a right for co-debtors,

in light of the availability of § 105(a) and the same reasoning which the First Circuit Court of Appeals has employed to protect corporate debtors. *Spookyworld, Inc. v. Town of Berlin (In re Spookyworld)*, 346 F.3d 1, 8 (1st Cir.2003) (ruling that, although a corporation as a "non-individual" has no cause of action under § 362(h) for automatic stay violations, bankruptcy courts "may award damages for automatic stay violations pursuant to their [11 U.S.C.] section 105(a) power.").

Third: does a remedy for a § 1301(a) stay violation survive the dismissal of a case? Several courts have answered in the affirmative with respect to § 362(a) stay violations. *See Price v. Rochford*, 947 F.2d 829, 830–31 (7th Cir.1991); *see also Menk v. LaPaglia (In re Menk)*, 241 B.R. 896, 906 (9th Cir. BAP 1999); *Javens v. City of Hazel Park (In re Javens)*, 107 F.3d 359, 364 n. 2 (6th Cir.1997) (citing *Price* in dicta). "Since dismissal of an underlying bankruptcy case does not automatically strip a federal court of residual jurisdiction to dispose of matters after the underlying bankruptcy case has been dismissed, exercise of such jurisdiction is left to the sound discretion of the trial court." *Javens*, 107 F.3d at 364 n. 2 (citing *Lawson v. Tilem (In re Lawson)*, 156 B.R. 43, 45 (9th Cir. BAP 1993)); *see also Carraher v. Morgan Elec. Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th Cir.1992); *Fidelity & Deposit Co. of Maryland v. Morris (In re Morris)*, 950 F.2d 1531, 1534 (11th Cir.1992); *Smith v. Commercial Banking Corp. (In re Smith)*, 866 F.2d 576, 580 (3d Cir.1989). This point has also been recognized in several unpublished opinions by the Bankruptcy Appellate Panel (the "BAP") for the Tenth Circuit. *See, e.g., Moore v. DA (In re Moore)*, Nos. EO–02–078, 302 B.R. 112, 2003 Bankr.LEXIS 221, at *6 & n. 2, 2003 WL 1389066, at *1 & n. 2 (10th Cir. BAP 2003); *Flores v. U.S. Trustee (In re Flores)*, Nos. NM–00–69, 271 B.R. 213,

2001 Bankr.LEXIS 521, at *11, 2001 WL 543677, at *4 (10th Cir. BAP 2001) (where the underlying case has been dismissed, a bankruptcy court retains discretionary subject matter jurisdiction over a complaint alleging a § 362(h) willful violation of the stay). Perhaps there is good reason for a distinction—to decide that violation of § 1301(a) rights, as distinguished from § 362(a) rights, ought not to survive the dismissal of a case. Perhaps not. But raising a legal issue of first impression in the absence of statutory guidance or applicable case law is hardly frivolous.

Fourth, and perhaps most important, does a debtor have standing in *her* bankruptcy case, to seek damages for violation of *her* § 1301 rights in her husband's dismissed bankruptcy case? This appears to be another question of first impression. The bankruptcy judge cited no case law in support of his determination that the debtor had no such standing. The previous Panel's decision affirming that ruling also cited no case law in support of that proposition. *See Heghmann v. Indorf (In re Heghmann)*, 316 B.R. 395, 402 (1st Cir. BAP 2004). Accordingly, raising this issue on appeal does not appear frivolous.

In fairness, the majority does not directly address the question of standing. Rather, the majority relies on *res judicata* and the Rooker–Feldman doctrines to deem the debtor's contentions asked and answered several times by the bankruptcy court and the United States District Court, and therefore, frivolous when raised again by the debtor here. I do not reach the same conclusion.

Robert Heghmann first brought his stay violation claims to the United States District Court for the District of New Hampshire amid multiple claims against multiple parties. *See Heghmann v. Hafiani*, No. 03–219–JD (D.N.H. May 28, 2003), *discussed in Heghmann v. Town of Rye*, 2004 D.N.H. 157, 2004 U.S. Dist. LEXIS 22790,

at *5–6, 2004 WL 2526417, at *2. Although the District Court found most of his assertions frivolous indeed, it did not make that determination with respect to his claims under § 362(a). *See id.* Rather, the court determined that the bankruptcy court had exclusive jurisdiction over such claims, and dismissed for lack of subject matter jurisdiction, not on the merits. *See id.*

As instructed, Robert Heghmann raised the automatic stay violation in his bankruptcy case by way of a motion for contempt. *See Heghmann*, 316 B.R. at 398–99. That motion was denied, but again not on the merits. The bankruptcy court had already dismissed his bankruptcy case on other grounds and denied his "contempt" motion as moot. *Id.* at 99.

Robert Heghmann then returned to the District Court and filed another action, again asserting his stay violation claims amid multiple claims against multiple parties. *See Heghmann v. Town of Rye*, 326 F.Supp.2d 227 (D.N.H.2004) (report and recommendation of Magistrate Judge), *adopted by Heghmann v. Town of Rye*, Civil No. 04–100–SM, 2004 D.N.H. 157, 2004 U.S. Dist. LEXIS 22790, 2004 WL 2526417. The result was the same. With respect to those claims under the automatic stay, the action was dismissed for lack of subject matter jurisdiction. *See* 2004 WL 2526417, *3–4, 2004 U.S. Dist. LEXIS 22790, *10–11. And in a subsequent decision, the District Court awarded costs and sanctions against Robert Heghmann for repetitively asserting claims with respect to which the District Court had already ruled it had no subject matter jurisdiction. *Heghmann v. Town of Rye*, Civil No. 04–100–SM, 2005 D.N.H. 045, 2004 U.S. Dist. LEXIS 4255, 2005 WL 637928.

The upshot of all of this is that, even assuming that the debtor's rights were in privity with those of her husband, neither the bankruptcy court nor the District

Court ever reached the merits of Robert Heghmann's automatic stay violation claim. A ruling not on the merits is not subject to *res judicata* claim or issue preclusion. *See Grella v. Salem Five Cent Sav. Bank,* 42 F.3d 26, 30–31 (1st Cir.1994) (citing *Aunyx Corp. v. Canon U.S.A., Inc.,* 978 F.2d 3, 6 (1st Cir.1992), *cert. denied,* 507 U.S. 973, 113 S.Ct. 1416, 122 L.Ed.2d 786 (1993)).

Finally, the previous Panel and the majority here note that application of the automatic stay to the State Court's judgment is precluded by the Rooker–Feldman doctrine. At least some of the case law would suggest otherwise. *See Gruntz v. County of Los Angeles (In re Gruntz),* 202 F.3d 1074, 1082–83, 1082 n. 6 (9th Cir. 2000) ("Because ... judicial proceedings in violation of the stay are void *ab initio,* the bankruptcy court is not obligated to extend full faith and credit to such judgments.") (citing *Kalb v. Feuerstein,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940)); *In re Benalcazar,* 283 B.R. 514, 525–26 (Bankr.N.D.Ill.2002) ("state court judgments entered in violation of an automatic stay in bankruptcy are void *ab initio* and subject to collateral attack.").

It is not my role, nor that of the majority, to decide whether the bankruptcy court below erred in its August 19, 2003 order. It is not my role, nor that of the majority, to decide whether the previous Panel erred in affirming the bankruptcy court's order. It is the role of this Panel to determine whether the debtor can proceed to the First Circuit Court of Appeals *in forma pauperis,* and I agree with the majority that a necessary predicate of such a finding is a determination that the debtor's appeal is not frivolous. The majority say that this appeal is frivolous. Because I believe that the automatic stay issues described above present genuine issues of law, and no court has yet had the opportunity to properly address them, I do not agree that this appeal is frivolous and I respectfully dissent from the majority's order denying *in forma pauperis* relief to the debtor.