UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 15, 2005[*]
Decided July 18, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 04-4156

| | |
|---|---|
| IN RE: ORAL SEKENDUR,<br>*Debtor-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 04 C 5029<br><br>James B. Moran,<br>*Judge.* |

## O R D E R

After Oral Sekendur filed a successive petition for bankruptcy under Chapter 13, the bankruptcy court dismissed his case and barred him from filing another within 180 days.  He appealed to the district court, but the district court dismissed after concluding that Sekendur falsified his application to proceed in forma pauperis (IFP).  Sekendur then appealed to this court, and we affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

Sekendur filed for bankruptcy under Chapter 13 in January 2004. But the bankruptcy court granted a judgment creditor's motion to dismiss under 11 U.S.C. § 1307(c) because Sekendur had not filed a plan conforming to law; the court added that Sekendur's failure to disclose assets on his bankruptcy schedules also suggested bad faith. Then in May 2004 Sekendur filed another petition under Chapter 13. Once again the bankruptcy court dismissed, this time under § 1307(c) and 11 U.S.C. § 109(g)(1), and imposed a 180-day bar on future petitions. The court explained that Sekendur not only filed the successive petition without any change of circumstance, but also failed to disclose on his schedules his wife's assets and his interests in various patents. The court further observed that Sekendur did not submit a workable plan, and in any event did not have any income to fund a plan.

In July 2004 Sekendur appealed both dismissals to the district court and submitted an IFP application. His appeal of the earlier Chapter 13 case was dismissed because the notice of appeal was late, and that dismissal is not challenged here. The district court dismissed Sekendur's second appeal under 28 U.S.C. § 1915(e)(2)(A), reasoning that Sekendur's allegations of poverty were untrue. The form IFP affidavit inquires whether the applicant or "anyone else living at the same address" owns any real estate, "stocks, bonds, securities or other financial instruments," or has "more than $200 in cash or checking or savings accounts." Sekendur completed and submitted this affidavit without disclosing any of his wife's property or assets, though he now admits that he lives with her in her expensive house in a well-to-do Chicago neighborhood and that she is an heiress with substantial assets. Additionally, he now admits that he failed to report over $50,000 in dental equipment when asked to report all "personal property with a current market value of more than $1000." The propriety of the district court's dismissal is currently before us. *Cf. Telesphere Communications, Inc. v. 900 Unlimited, Inc.*, 177 F.3d 612, 616–17 (7th Cir. 1999) (reviewing district court's dismissal of bankruptcy appeal for abuse of discretion); *In re Scheri*, 51 F.3d 71, 74 (7th Cir. 1995) (same); *In re Bulic*, 997 F.2d 299, 302–03 & n.3 (7th Cir. 1993) (same).

On appeal, Sekendur offers a number of dubious explanations for filing incomplete *asset schedules* in the bankruptcy court, but he does not challenge the basis for the district court's dismissal—his deliberate falsification of his IFP affidavit. Here, both parties assume that bankruptcy litigants may seek to proceed under the IFP statute when appealing a bankruptcy court decision to the district court, although we have not decided whether that is so. Indeed, under the old Bankruptcy Act, the Supreme Court held that fees required to accompany the filing of a bankruptcy petition could not be waived under § 1915(a). *United States v. Kras*, 409 U.S. 434 (1973). And when Congress enacted the Bankruptcy Reform Act of 1978, it codified this holding in 28 U.S.C. § 1930(a), which expressly excepts fees for commencing a bankruptcy case from § 1915(a). Congress, though, did not

exempt other fees prescribed by the Judicial Conference, *see id.* § 1930(b), and thus some courts hold that § 1930 limits *Kras* to fees commencing the bankruptcy by filing a petition, not fees on appeal. *See In re Heghmann*, 324 B.R. 415, 418–20 (B.A.P. 1st Cir. 2005) (citing authorities). Others disagree. *E.g.*, *In re Perroton*, 958 F.2d 889, 895–96 (9th Cir. 1992). We need not take sides today, especially since Congress has amended § 1930 with the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 109, 216, which comes into effect later this year and whose ramifications have yet to be decided. All that matters here is that Sekendur relied on § 1915 for his own benefit and makes no argument that the district court should not have allowed him to do so. Sekendur invoked the IFP statute in an effort to circumvent the district court filing fee, and under § 1915(e)(2)(A) a court must dismiss a case upon finding that the allegations of poverty in an IFP application are untrue. *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 547 (7th Cir. 1998) (per curiam). Moreover, a court faced with a false affidavit of poverty may dismiss with prejudice in its discretion. *See Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306, 308 (7th Cir. 2002). Because Sekendur devotes his arguments to irrelevant contentions about why he made "mistakes" on his bankruptcy schedules—never explaining how he could have honestly repeated those mistakes in his later IFP application after two dismissals for the same behavior—he provides us with no reason to disagree with the district court that his omissions were deliberately false or that dismissal was the proper response. The judgment of the district court is therefore AFFIRMED.